**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN HUMPHREY**, | * | **CIVIL ACTION** |
| **on behalf of himself** | * | |
| **and all similarly situated individuals,** | * | **NUMBER: 3:20-cv-00233-JWD-SDJ** |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE JOHN W. DeGRAVELLES** |
| | * | |
| **JAMES LEBLANC** | * | **MAGISTRATE JUDGE** |
| | * | **SCOTT JOHNSON** |

**STATUS REPORT**

A.    **JURISDICTION**

What is the basis for the jurisdiction of the Court?

The Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§

1331 and 1343(a), and it has jurisdiction over Plaintiff's state law claims pursuant to 28

U.S.C. § 1367.

B.    **BRIEF EXPLANATION OF THE CASE**

1.    Plaintiff claims:  Plaintiff claims that for years the Louisiana Department of Public

Safety and Corrections (the "DOC") has been unlawfully incarcerating thousands

of persons who are sentenced to "time served" or an equivalent sentence for weeks

or months past their release dates.  Plaintiff claims that Defendant LeBlanc, the

secretary of the DOC, has known about this practice for years but has been

deliberately indifferent to it.

2.    Defendant claims: Initially, Defendant maintains that this matter should not be

certified as a class action, as the requirements of FRCP 23 are not satisfied. A determination of whether the class certification requirements are satisfied must be decided before the matter can proceed to the merits. In addition, Defendant denies plaintiff's claims and asserts that he was not deliberately indifferent to plaintiff's constitutional rights.

C.    **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

There are no pending motions.

D.    **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

- Whether the DOC has custody of persons upon a sentence of imprisonment to the DOC.

- Whether the DOC is legally bound to release persons at the conclusion of their sentence.

- Whether the persons whom the DOC no longer has legal authority to imprison must remain imprisoned more than 48 hours while they wait for the DOC to calculate their sentence and prepare release papers.

- Whether the persons whom the DOC no longer has legal authority to imprison must remain imprisoned more than 48 hours while they wait for the DOC to receive the proper paperwork to calculate their sentence and prepare release papers.

- Whether it was unlawful for the DOC to incarcerate persons more than 48 hours past the time that it had legal authority to imprison them.

2

- Whether Defendant LeBlanc is liable for failing to correct the DOC's alleged over-incarceration, given his knowledge of the DOC's widespread practice of over-incarceration.

- Whether Defendant's actions in processing the release of persons from incarceration is reasonable, lawful or appropriate.

- Whether the requirements for class certification are satisfied in this case, and/or whether this matter should proceed as a class action.

- Whether any third parties are at fault in this matter, if any fault is found.

- Whether Defendant is entitled to qualified immunity.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.    Plaintiff's calculation of damages:  Plaintiff's injury arises from time that he spent wrongfully imprisoned, when he should have been free.  Plaintiff alleges that the damages suffered by the putative class members arise from the substantially similar injury.  Plaintiff seeks damages for the pain, suffering, and mental anguish caused by his wrongful incarceration, as well as damages arising from lost wages.  Plaintiff has not yet computed these damages.

2.    Defendant's calculation of offset and/or plaintiff's damages: Defendant asserts that there is currently insufficient information available to calculate damage available to any plaintiff or any putative class member, if any are appropriate.  In any event, damages for plaintiff and each putative class member will be individualized and unique, and will require discovery to determine what damages are owed, if any.

3

3.      Counterclaimant/cross claimant/third party's calculation of damages: Not applicable.

**F.      SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or

venue:  Service on the Defendant has been completed

**G.      DISCOVERY**

1.      Initial Disclosures:

A.      Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES    **X** NO

In accordance with Local Rule 26(b), the parties shall provide their initial

disclosures to the opposing party no later than 7 days before the date of the

scheduling conference, unless a party objects to initial disclosures during the FRCP

26(f) conference and states the objection below.

B.      Do any parties object to initial disclosures?

[ ] YES    X NO

For any party who answered *yes*, please explain your reasons for objecting.

2.      Briefly describe any discovery that has been completed or is in progress: By

plaintiff(s):  Plaintiff intends to serve a subpoena before the June 25 conference

upon the Department of Corrections to produce information from the DOC's

"CAJUN" computer system.

By defendant(s): None

3.      Please describe any protective orders or other limitations on discovery that may be

required/sought during the course of discovery. (For example: are there any

confidential business records or medical records that will be sought? Will

information that is otherwise privileged be at issue?)  Plaintiff does not anticipate

seeking a protective order. Depending on the type of discovery sought and

documents requested by plaintiff, Defendant may request a protective order in this

matter to protect confidential information.

4.    Discovery from experts:
Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s):  Plaintiffs are likely to offer testimony from experts in

corrections administration, as well as experts regarding damages arising

from over-incarceration.

By defendant(s): Defendant may retain experts to rebut opinions rendered

by plaintiff's experts. Defendant proposes that the deadlines for class-

related expert disclosures be set initially, and Defendant will reserve the

right to conduct additional merits-based expert discovery after class

certification, if the class is certified.

**H.    PROPOSED SCHEDULING ORDER**

**Plaintiff's Position**

Plaintiff agrees with Defendant that class certification must occur before trial (as must all

discovery). Therefore Plaintiff agrees that it may be possible to brief class certification before all

discovery is complete.  As the Supreme Court has explained, however, class certification analysis

frequently entails overlap with the merits of the plaintiff's underlying claim." *Comcast Corp. v.*

*Behrend*, 569 U.S. 27, 33-34 (2013) (quotation omitted).  That certainly appears to be the case

here.  For example, Plaintiff does not allege that Secretary LeBlanc was personally aware of

Plaintiff's particular over-incarceration; rather Plaintiff alleges that Defendant LeBlanc was

indifferent to of the rampant over-incarceration practiced by his agency, which included Plaintiff's

over-incarceration (along with thousands of other people).

Indeed Plaintiff's case will require discovery into the broad pattern and practice of

overdetention by the DOC *even if class cert is denied*. That flows from the fact that the Defendant,

Secretary LeBlanc, was not personally involved in Mr. Humphrey's overdetention. And so

Secretary LeBlanc's liability is will on the pattern and practice of delay within the DOC.  As a

result, class and individual discovery in this case are likely effectively indistinguishable.

In this light, Defendant's assertion that he should be permitted to object before class

certification that certain discovery concerns only the merits, therefore, portends discovery disputes

that will consume the parties' energy, and the Court's.  Thus if Defendant insists on this position, it

is Plaintiff's position that any discovery *after* class certification that touches on class questions is

likewise inappropriate and should not be permitted.

**Defendant's Position**

Because this matter is a proposed class action suit, the issue of class certification must be

determined by the Court before a trial on the merits. Therefore, Defendant proposes that the Court

only set deadlines through class certification briefing at the outset. Defendant reserves the right to

conduct merits-based discovery and motion practice after the class certification hearing.  While

defendant recognizes that class and merits discovery may overlap, defendant reserves the right to

object on the basis that any particular discovery request, which have not been served, may only

implicate merit based issues that would not be proper prior to class certification.

6

| Event | Plaintiff | Defendant |
|---|---|---|
| Parties exchange initial disclosures | June 18, 2020 | June 18, 2020 |
| ESI plan submitted to court | 30 days after first document request is served on defendant | 30 days after first document request is served on defendant |
| Last day to amend pleadings or join parties | January 15, 2021 | January 15, 2021 |
| Plaintiff's expert disclosures relating to class certification | January 15, 2021 | March 16, 2021 |
| Defendant's expert disclosures relating to class certification | February 15, 2021 | April 16, 2021 |
| Plaintiff's expert report deadline for class certification | March 1, 2021 | May 21, 2021 |
| Defendant's expert report deadline for class certification | April 1, 2021 | June 22, 2021 |
| Plaintiff expert reply deadline | April 15, 2021 | |
| Class expert discovery deadline | May 1, 2021 | July 21, 2021 |
| Plaintiff's class certification motion | May 15, 2021 | August 22, 2021 |
| Defendant's opposition to class certification motion | June 8, 2021 | September 20, 2021 |
| Plaintiff's reply to class certification motion | June 15, 2021 | October 3, 2021 |
| Oral Argument on class certification | (Court to set date) | |
| Non-expert discovery cutoff | **(175 days before trial)** | |
| Plaintiff additional/supplemental expert witness disclosure | **(150 days before trial)** | |
| Defendant additional/supplemental expert witness disclosure | **(125 days before trial)** | |
| Last day for filing discovery motions | **(110 days before trial)** | |
| Expert discovery cutoff | **(100 days before trial)** | |
| Last day for filing dispositive motions | **(75 days before trial)** | |
| Last day for filing motions in limine | **(45 days before trial)** | |
| FRCP 26(a)(3) live and deposition | **(30 days before trial)** | |

| witness list, exhibit list, and proposed pretrial order | | |
|---|---|---|
| Final pretrial conference | **(20 days before trial)** | |
| Trial Date | **(to be set)** | |

I.      **TRIAL**

      1.    Has a demand for trial by jury been made?

                                 X  YES      [ ] NO

      2.    Estimate the number of days that trial will require.

J.      **OTHER MATTERS**

      Are there any specific problems the parties wish to address at the scheduling conference?

                                 X  YES      [ ] NO

          i.    If the answer is *yes*, please explain:   Plaintiff anticipates filing a motion for class certification pursuant to Federal Rule of Civil Procedure 23 in advance of briefing on summary judgment.  Plaintiffs anticipate filing their class certification motion on or before May 15, 2021.

          **ii.**    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

                                 [ ]  YES    [X] NO

K.   **SETTLEMENT**

      1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

          To date the parties have not held settlement discussions.

2.      Do the parties wish to have a settlement conference:

[] YES      [ x ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**L.**     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.  Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[  ] YES    X NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated:  <u>June 11, 2021</u>

<table>
<tr>
<td>

<u>/s/ Mercedes Montagnes</u><br>
Mercedes Montagnes, La. Bar No. 33287<br>
Jamila Johnson, La. Bar No. 37953<br>
Nishi Kumar, La. Bar No. 37415<br>
The Promise of Justice Initiative<br>
1024 Elysian Fields Avenue<br>
New Orleans, LA 70117<br>
Telephone: (504) 529-5955<br>
Facsimile: (504) 595-8006<br>
Email: mmontagnes@defendla.org

</td>
<td>

<u>/s/ Andrew Blanchfield</u><br>
Andrew Blanchfield<br>
Chelsea Payne<br>
Chris Jones<br>
Keogh, Cox & Wilson, Ltd.<br>
701 Main Street, Baton Rouge, LA 70802<br>
P 225 383 3796<br>
ablanchfield@keoghcox.com<br>
<br>
<br>
*Attorneys for Defendant*

</td>
</tr>
</table>

9

/s/Sarah Grady
Sarah Grady (*pro hac vice*)
Stephen H. Weil (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Loevy & Loevy
311 N. Aberdeen
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902

Email: sarah@loevy.com


William Most, La. Bar No. 36914
David Lanser, La. Bar No. 37764
Sarah Chervinsky, La. Bar No. 33772
Law Office of William Most
201 St. Charles Avenue, Suite 114, #101
New Orleans, LA 70170
Telephone: (504) 509-5023
Email: williammost@gmail.com


*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, a true and correct copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's ECF electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

/s/ Sarah C. Grady