IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Brian Humphrey**, on behalf of himself and all similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> **James LeBlanc**, <br><br> Defendant. | No. 3:20-cv-JWD-SDJ <br><br> Hon. John W. deGravelles, District Judge <br><br> Hon. Scott D. Johnson, Magistrate Judge |

**Plaintiff's Motion to Compel the Production of CAJUN Data**

Plaintiff Brian Humphrey, through his undersigned attorneys, respectfully submits the following motion:

1. Plaintiff submits this motion to compel responses to requests numbers one through four in his first set of requests for production to Defendant, which seek the production of data maintained in Defendant's electronic record management system, known as CAJUN. Despite good faith efforts, the parties have been unable to reach agreement on the production of these data.

2. The reasons for granting this motion are set forth in Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel the Production of CAJUN Data, which is being filed contemporaneously with this motion.

3. Pursuant to Local Rule 37, Plaintiff provides the following verbatim quotations of Plaintiff's requests for production and corresponding responses at issue in this motion:

**REQUEST FOR PRODUCTION NUMBER 1:** All CAJUN data from April 2019 through May 2020 corresponding to the categories of information contained in the February 2019 Pull Document, attached as Exhibit A, for all inmates who were eligible for immediate release at the point their time was initially computed. A description of the process to identify and compile the data reflected in Exhibit A is set out in Exhibit B.

**RESPONSE**: Defendant objects to this request because it improperly requires defendant to create a document that would not otherwise exist. Defendant does not create or compile, in the form requested, this information as a matter of ordinary course.

Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Further, the information sought is not reasonably assessible because of undue burden and cost. Defendant further objects to this request because the burden and expense of the proposed discovery outweighs its likely benefit at this stage in the litigation.

This request seeks data for, using plaintiff's estimate in the complaint, over 2,000 inmates from April 2019 to May 2020. In order to provide the requested information, DOC employees would be required to spend 8 hours of uninterrupted time to compile the information request for a single month period. Two other DOC employees would have to check the information for each inmate to ensure that the inmate was eligible for immediate release, which would take at least 10-20 hours, for each month requested. Plaintiffs are seeking this information for a 13-month period. Thus, in total, it would take at least 230 hours to compile and check the information requested. Those 3 employees would not be able to perform their essential job functions while compiling the data, such as performing time computation for the release of other inmates within DOC custody.

Further, this request is premature in that it seeks the identity of potential class members prior to any class certification hearing. "If the class certification motion is denied, then there would be no need to conduct discovery on any of the putative class members, as there would be no class. All effort and expense would then be completely wasted." Walker v. Alta Colleges, Inc., No. A-09-CV-894-LY, 2010 WL 2710769, at *9 (W.D. Tex. July 6, 2010). As such, at this stage in the litigation, the undue burden of responding to this request outweighs any likely benefit.

In addition, this request seeks confidential, private and sensitive information, including the criminal and personal records belonging to individuals who may or may not be included in the proposed class in this

2

matter. Prior to class certification, the exact identity of each class member is not necessary; instead, the ascertainability requirement of F.R.C.P. Rule 23 only requires that the Court be able to identify class members at some stage of the proceeding. Frey v. First Nat. Bank Southwest, 602 Fed.Appx. 164, 168 (5th Cir. Feb. 20, 2015). Accordingly, Defendant is willing to enter into a mutually agreeable Protective Order to protect certain identifying information belonging to the persons included in the records requested and some information must be redacted to protect privacy and confidentiality.

**REQUEST FOR PRODUCTION NUMBER 2:** All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC between April 2019 through May 2020 with a "must serve" number less than or equal to zero.

**RESPONSE**: Defendants objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Further, the information sought is not reasonably assessible because of undue burden and cost. Defendant further objects to this request because the burden and expense of the proposed discovery outweighs its likely benefit at this stage in the litigation.

This request seeks data, including all documents, mater prison records and time computation documents for, using plaintiff's estimate in the complaint, over 2,000 inmates from April 2019 to May 2020. It could take up to one hour per inmate to pull all requested documents. Thus, in order to provide the requested information, multiple DOC employees would be required to spend up to 2,000 hours to compile the requested documents.

Further, this request is premature in that it seeks the identity of potential class members prior to any class certification hearing. "If the class certification motion is denied, then there would be no need to conduct discovery on any of the putative class members, as there would be no class. All effort and expense would then be completely wasted." Walker v. Alta Colleges, Inc., No. A-09-CV-894-LY, 2010 WL 2710769, at *9 (W.D. Tex. July 6, 2010). As such, at this stage in the litigation, the undue burden of responding to this request outweighs any likely benefit.

In addition, this request seeks confidential, private and sensitive information, including the criminal and personal records belonging to individuals who may or may not be included in the proposed class in this matter. Prior to class certification, the exact identity of each class member is not necessary; instead, the ascertainability requirement of F.R.C.P. Rule 23 only requires that the Court be able to identify class

members at some stage of the proceeding. Frey v. First Nat. Bank Southwest, 602 Fed.Appx. 164, 168 (5th Cir. Feb. 20, 2015). Accordingly, Defendant is willing to enter into a mutually agreeable Protective Order to protect certain identifying information belonging to the persons included in the records requested and some information must be redacted to protect privacy and confidentiality.

**REQUEST FOR PRODUCTION NUMBER 3:** All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC between April 2019 through May 2020 with a "must serve" number less than the number of days between the inmate's sentencing date and the date of the inmate's initial time computation.

**RESPONSE:** Defendant adopts and incorporates its objections to Request No 2.

**REQUEST FOR PRODUCTION NUMBER 4:** Produce the following data from CAJUN as it exists on the first day of every month, during the pendency of this action.

a. Produce all Documents described in Request No. 1 (i.e., All CAJUN data corresponding to the categories of information contained in the February 2019 Pull Document, attached as Exhibit A, for all inmates who were eligible for immediate release at the point their time was initially computed. A description of the process to identify and compile the data reflected in Exhibit A is set out in Exhibit B.)

b. Produce all Documents described in Request No. 2 (i.e., All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC with a "must serve" number less than or equal to zero.)

c. Produce all Documents described in Request No. 3 (i.e., All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC with a "must serve" number less than the number of days between the inmate's sentencing date and the date of the inmate's initial time computation.)

**RESPONSE**: Defendant adopts and incorporates its objections to Request Nos. 1-3 above. In addition to the burden of producing the information once, a continued burden to compile data and produce documents on a monthly basis is unduly burdensome and not proportional to the needs of the case.

WHEREFORE, Plaintiff respectfully moves for entry of an order compelling Defendant to respond to Plaintiff's requests for production numbers one through four in his first set of requests for production of documents.

February 22, 2021                                  Respectfully submitted,

                                                   /s/ John Hazinski
                                                   *One of Plaintiff's Attorneys*


Mercedes Montagnes                                 William Most
Rebecca Ramaswamy                                  David Lanser
Jamila Johnson                                     Most & Associates
Nishi Kumar                                        201 St. Charles Ave.
Promise of Justice Initiative                      Ste. 114 #101
1024 Elysian Fields                                New Orleans, LA 70107
New Orleans, LA 70117                              (504) 509-5023
(504) 529-5955

Mike Kanovitz
Sarah Grady
Steve Weil
John Hazinski
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF CONFERRAL
## PURSUANT TO FED. R. CIV. P. 37(a)(1)

Plaintiff, through his undersigned attorney, certifies pursuant to Federal Rule of Civil Procedure 37(a)(1) that he has conferred in good faith with Defendant in an effort to obtain the discovery responses at issue in this motion without court action.

/s/ John Hazinski
*One of Plaintiff's Attorneys*

## CERTIFICATE OF SERVICE

    I, John Hazinski, an attorney, certify that on February 22, 2021, I filed the foregoing Plaintiff's Motion to Compel the Production of CAJUN Data using the Court's CM/ECF system, which electronically served the document and its attachment exhibits upon all counsel of record.

                                     /s/ John Hazinski
                                       *One of Plaintiff's Attorneys*