IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Brian Humphrey**, on behalf of himself and all similarly situated individuals,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**James LeBlanc**,<br><br>　　　　Defendant. | No. 3:20-cv-JWD-SDJ<br><br>Hon. John W. deGravelles, District Judge<br><br>Hon. Scott D. Johnson, Magistrate Judge<br><br>**Plaintiff's Motion to Compel the Production of CAJUN Data** |

# Exhibit A

## Plaintiff's First Set of Requests for Production of Documents

## June 23, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **Brian Humphrey,** on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**James LeBlanc,**<br><br>Defendant. | No. 3:20 C 233<br><br>Hon. John W. DeGravelles,<br>District Judge<br><br>Hon. Scott Johnson,<br>Magistrate Judge |

**Plaintiff's First Set of Requests for Production of Documents**

Pursuant to Federal Rule of Civil Procedure 34, plaintiff Brian Humphrey, through counsel, serves this request for production on defendant James LeBlanc.

**Definitions and Instructions**

1. "Louisiana Department of Corrections" or "DOC" refers to the Louisiana Department of Public Safety and Corrections, as well as its counsel, consultants, employees, representatives, agents, contractors, experts, investigators, or other persons acting on its behalf.

2. "CAJUN" refers to the electronic record management system used by the Louisiana Department of Corrections.

3. "Document" has the broadest possible meaning under the Federal Rules of Civil Procedure, stored either electronically or in physical form, including but not limited to any notes, memos, reports, forms, summaries, photographs, videos, graphical material, and/or communications or correspondence of any kind.

4. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

5. "Communication" means the exchange of information between two or more persons, whether orally, in writing (including but not limited to text messages, handwritten documents, to-from memos, emails, and informal or official reports), or by any other means.

1

6. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

7. If there are no Documents in your possession, custody, or control that are responsive to a particular request, please so state and identify such request.

8. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the person who has possession, custody, or control thereof.

9. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document before its destruction or loss, and the reason for its destruction or circumstances of its loss. This instruction applies to Documents that have been altered or overwritten such that information or data contained in the Document is permanently changed.

10. In the event that you claim a privilege relating to any of the information sought in this subpoena or rider, please provide a log stating the privilege claimed and providing sufficient information, including the number of pages, type of document, and date of document, so that the claim of privilege may be adjudicated.

11. Exhibit A contains a February 2019 Pull Document from CAJUN. This document has been produced by defendants in *Hicks v. Dep't of Pub. Safety & Corr.*, No. 3:19-cv-108-SDD-RLB (M.D. La.); *McNeal v. La. Dep't of Pub. Safety & Corr.*, No. 3:18-cv-00736-JWD-EWD (M.D. La.), and *Thomas v. Gryder*, No. 3:17-cv-01595-SDD-EWD (M.D. La.).

12. Exhibit B is an excerpt of pages from the transcript of the deposition of Melanie Gueho in *Grant v. Gusman*, No. 17-cv-2797 (E.D. La). The excerpt consists of pages 27:6–28:4, relating to the process for identifying and compiling data for inmates who were eligible for immediate release to create the February 2019 Pull Document. The full transcript of Ms. Gueho's deposition is available from the undersigned counsel upon request.

## Requests for Production of Documents

1. All CAJUN data from April 2019 through May 2020 corresponding to the categories of information contained in the February 2019 Pull Document, attached as Exhibit A, for all inmates who were eligible for immediate release at the point their time was initially computed. A description of the process to identify and compile the data reflected in Exhibit A is set out in Exhibit B.

2. All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC between April 2019 through May 2020 with a "must serve" number less than or equal to zero.

3. All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC between April 2019 through May 2020 with a "must serve" number less than the number of days between the inmate's sentencing date and the date of the inmate's initial time computation.

4. Produce the following data from CAJUN as it exists on the first day of every month, during the pendency of this action.

    a. Produce all Documents described in Request No. 1 (i.e., All CAJUN data corresponding to the categories of information contained in the February 2019 Pull Document, attached as Exhibit A, for all inmates who were eligible for immediate release at the point their time was initially computed. A description of the process to identify and compile the data reflected in Exhibit A is set out in Exhibit B.)

    b. Produce all Documents described in Request No. 2 (i.e., All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC with a "must serve" number less than or equal to zero.)

    c. Produce all Documents described in Request No. 3 (i.e., All Documents, including CAJUN data, master prison records, and time computation documents for all inmates in the custody of the DOC with a "must serve" number less than the number of days between the inmate's sentencing date and the date of the inmate's initial time computation.)

5. All Communications, including e-mail messages, received by the DOC from the Orleans Parish Sheriff's Office with a subject line including the phrase "priority classification."

3

Respectfully Submitted,

/s/ Stephen H. Weil
Attorney for Plaintiff

Sarah Grady
Stephen H. Weil
Michael Kanovitz
John Hazinski (*pro hac vice* forthcoming)
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
weil@loevy.com


Mercedes Montagnes, La. Bar No. 33287
Jamila Johnson, La. Bar No. 37953
Nishi Kumar, La. Bar No. 37415
Rebecca Ramaswamy
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
(504) 529-5955
(504) 595-8006 (fax)
mmontagnes@defendla.org


William Most, La. Bar No. 36914
David Lanser, La. Bar No. 37764
Sarah Chervinsky, La. Bar No. 33772
Law Office of William Most
201 St. Charles Avenue, Suite 114, #101
New Orleans, LA 70170
(504) 509-5023
williammost@gmail.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served the foregoing Plaintiff's First Set of Requests for Production of Documents on all counsel of record by electronic mail on June 23, 2020.

/s/ Stephen H. Weil
Attorney for Plaintiff
