## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN HUMPHREY**, | * | CIVIL ACTION |
| on behalf of himself | * | |
| and all similarly situated individuals, | * | NUMBER: 3:20-cv-00233-JWD-SDJ |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE JOHN W. DeGRAVELLES |
| | * | |
| **JAMES LEBLANC** | * | MAGISTRATE JUDGE |
| | * | SCOTT JOHNSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SUPPLEMENTAL DISCOVERY RESPONSES PURSUANT TO MAGISTRATE JUDGE'S ORDER CONTAINED IN R.DOC. 64

NOW INTO COURT, through undersigned counsel, comes defendant, James LeBlanc, who responds to a motion to compel filed on behalf of plaintiffs, wherein Magistrate Judge Johnson granted in part and denied in part certain requests on behalf of plaintiffs' counsel. This supplemental filing is in response to this Court's ruling in R.Doc. 64.

### GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.  Defendant objects to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.  Defendant objects to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiff or plaintiff's counsel, or that are equally available to the plaintiff as they are to Defendant.

3.  Defendant objects to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests. Any response by Defendant is not intended to indicate agreement with any alleged factual statements by plaintiff.

4.      Defendant reserves the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 25: Admit that from April 16, 2019 through April 25, 2019, the DOC made no attempt to determine whether it had any legal right to imprison plaintiff

ORIGINAL RESPONSE: Objection. This discovery request is impermissibly vague, overbroad, and unduly burdensome, particularly including that it does not specify the specific date at issue in the request, but instead suggests a date range. It also fails to define what constitutes an "attempt." The imprecision of this request makes it incapable of a response. Further, this request impermissibly calls for a legal conclusion and matter of law, particularly as to a request for admission as the DOC's "legal right," which is also an undefined term.

**SUPPLEMENTAL RESPONSE: Reserving all prior objections, this request is denied as written. DOC did not receive plaintiff's pre-class packet from Bossier Parish Sheriff until April 26, 2019, and as such, had no knowledge that plaintiff was sentenced to DOC time until April 26, 2019. Further, Defendant points out that there is no such thing as a "legal right" to imprison any particular inmate. There is no such defined term. Defendants fully recognize that they have an obligation for the timely release of all inmates in their custody. However, DOC has no connection to, or knowledge of, pre-trial detainees, their sentencing date, or the outcome of their sentencing until the local facility housing such an individual notifies DOC that the individual was sentenced to a felony, and therefore within the custody of DOC.**

REQUEST FOR ADMISSION NO. 26: Admit that from April 16, 2019 through April 25, 2019, the DOC made one or more attempts to determine whether it had any legal right to imprison Plaintiff.

ORIGINAL RESPONSE: Objection. This discovery request is impermissibly vague, overbroad, and unduly burdensome, particularly including that it does not specify the specific dates at issue in the request, but instead suggests a date range. It also fails to define what constitutes an "attempt." The imprecision of this request makes it incapable of a response. Further, this request impermissibly calls for a legal conclusion and matter of law, particularly as to a request for admission as the DOC's "legal right," which is also an undefined term.

**SUPPLEMENTAL RESPONSE: Reserving all prior objections, this request is denied as written. DOC did not receive plaintiff's pre-class packet from Bossier Parish Sheriff until April 26, 2019, and as such, had no knowledge that plaintiff was sentenced to DOC time until April 26, 2019. Further, Defendant points out that there is no such thing as a "legal right" to imprison any particular inmate. There is no such defined term. Defendants fully recognize that they have an obligation for the timely release of all inmates in their custody. However,**

**DOC has no connection to, or knowledge of, pre-trial detainees, their sentencing date, or the outcome of their sentencing until the local facility housing such an individual notifies DOC that the individual was sentenced to a felony, and therefore within the custody of DOC.**

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 10: Identify all steps you have taken since January 1, 2012 to mitigate or prevent the risk that prisoners in the custody of the DOC will be detained beyond the date on which the DOC's legal authority to detain a particular prisoner expires.

ORIGINAL ANSWER: In addition to the General Objections, Defendant objects to this interrogatory. This discovery request is impermissibly vague, overbroad, and unduly burdensome in that it incorporates the words "mitigate" and "legal authority," which are susceptible to multiple definitions or connotations, particularly in the legal context, thus making this request incapable of a response. Further, Defendant objects because this request improperly seeks a legal conclusion, particularly including a determination of "legal authority," a term that is not defined. Subject to his general and specific objections, Defendant will produce responsive, non-privileged documents from which the requested information may be obtained. Defendant also refers Plaintiff to additional documents and information which are being collected and reviewed, of which responsive documents will be subsequently produced at a mutually agreed upon time and place.

FIRST SUPPLEMENTAL ANSWER: Defendant hereby amends and replaces its prior answer to this interrogatory as follows: In addition to the General Objections, Defendant objects to this interrogatory. This discovery request is impermissibly vague, overbroad, and unduly burdensome in that it incorporates the words "mitigate" and "legal authority," which are susceptible to multiple definitions or connotations, particularly in the legal context, thus making this request incapable of a response. Further, Defendant objects because this request improperly seeks a legal conclusion, particularly including a determination of "legal authority," a term that is not defined. Moreover, this interrogatory impermissibly seeks a legal conclusion and assumes the detention of a prisoner beyond the expiration of "legal authority" is improper or illegal, or that there is a "risk" that it will occur. In order to answer this interrogatory, the DOC would have to admit to the underlying liability question as to whether the plaintiff or members of the class were improperly over-detained or not. Whether or not a governmental agency has acted within or beyond its legal authority is a question of law. *Keller v. Filip*, 308 Fed.Appx. 760, 765 (5th Cir. Jan. 26, 2009). One party cannot demand that the other party admit the truth of a legal conclusion. *Stark-Romero v. National R.R. Passenger Co.*, 275 F.R.D. 551, 554 (D.N.M. July 14, 2011). An interrogatory that assumes liability, particularly as to the underlying liability question, is improper.

**SECOND SUPPLEMENTAL ANSWER: Defendant asserts all those objections contained in his initial Response to Interrogatory No. 10. Further, there is no defined date on which the DOC's legal authority to detain or not detain a particular prisoner expires. The DOC is obligated to effectuate a timely release of all prisoners in its custody. With respect to steps taken to effect timely release of prisoners in the custody of DOC, the following is offered.**

Around 2013 to 2014, the pre-classification department in the Department of Corrections was centralized into DOC Headquarters in Baton Rouge.

Once the paperwork is received from the local facilities, prisoners are generally released within one to three days from this time frame. Sometimes release occurs on the exact same day as the paperwork is received. If the release does not occur within this time period, the employees in time computation will create a case narrative to explain what problems they have encountered resulting in the delay.

Offenders who are identified as potential immediate releases, as an immediate release, are given priority and processed as quickly as possible. Intake supervisors meet with staff weekly to determine if there are any problem cases. With respect to those inmates who appear to be due for release, employees in time computation attempt to check on the packets once every day until the packet is complete.

Supervisors in the time computation division randomly pull twenty-five cases for time computation audits for quality control purposes. Efforts are made with the local partners and the Clerks of Court to get time computation packets quicker.

Five additional compliance specialists in the time computation division have recently been hired to further streamline the time computation and release process.

In 2019, the Department of Corrections applied for a grant to the federal government in an attempt to obtain funding to overhaul and update the ITS system of DOC. Unfortunately, this was unsuccessful. However, the Louisiana Office of Technology Services, in conjunction with DOC, has recently commenced a complete overhaul of the CAJUN system, which is called Cypress. Within that system is a specialized time computation program referred to as MyCase, which is currently being developed.

During the 2021 Legislative Session, the Department of Corrections attempted to have two separate bills introduced to assist it in the time computation process. Neither bill was successfully passed.

The DOC has scheduled and participated in meetings with all of its partners, including Clerks of Court, Judges, Sheriffs. DOC has met with Legislators and Judges in an attempt to address and improve the paperwork issue with respect to receipt of the pre-class packet. In 2017, a form for a Uniform Commitment Order (UCO) was created to assist the Department of Corrections in streamlining the time computation and release process. In 2017, the Louisiana Supreme Court ordered that Judges complete a UCO with respect to each prisoner. This has assisted the time calculation and release process. Unfortunately, not all Judges have been following this order.

DOC is currently working with the Office of Technology Services (OTS), which is part of the Louisiana Division of Administration, to overhaul the information technology system of the DOC. The new system will replace all electronically-stored information of the Department of Corrections and initially will include a standalone time computation system which will eventually be integrated with the entire system referred to as Corrections Information Program and Records System.

**See also the following documents previously produced, Bates 908-951, 952-953, 1055-1076, 1080-1099, 1100-1107, 1214-1220, 1254-1256, 1258-1449.**

## SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 40:  All documents sent to the Louisiana Legislative Auditor related to the calculation of offender release dates.

ORIGINAL RESPONSE: Objection is made as this request is overbroad, not proportional to the needs of the case, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Reserving those objections, if any such responsive documents exist, defendant will provide ESI discovery in accordance with the ESI protocol once defined.

**SUPPLEMENTAL RESPONSE: Upon information and belief, all such responsive documents have been produced. See bates 674-872; 637-655.**

REQUEST FOR PRODUCTION NO. 41:  All communications regarding House Bill No. 401 (2020 Regular Session).

ORIGINAL RESPONSE:  Objection is made as this request is overbroad, not proportional to the needs of the case, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Reserving those objections, if any such responsive documents exist, defendant will provide ESI discovery in accordance with the ESI protocol once finalized.

**SUPPLEMENTAL RESPONSE: There are no documents beyond those emails and attachments to emails relating to House Bill No. 401 (2020 Regular Session). These documents have already been produced.**

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:     s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile:  (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 30th day of November, 2021.

/s/ Andrew Blanchfield
Andrew Blanchfield