UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN HUMPHREY                                                          CIVIL ACTION

VERSUS                                                                          NO. 20-233-JWD-SDJ

JAMES LEBLANC

## ORDER

Before the Court is a Motion to Compel Compliance with Subpoena Duces Tecum (R. Doc. 83) filed by Plaintiffs on February 16, 2022. Plaintiffs' Motion seeks an order compelling Defendant James LeBlanc to produce all documents provided to the U.S. Department of Justice since January 1, 2019, relating to Louisiana's prisoner release practices, as requested via a subpoena served on the Louisiana Department of Corrections ("DOC") on November 26, 2021.[1] Defendant opposes this Motion, filing his Opposition on March 7, 2022 (R. Doc. 87).

Rule 37 of the Federal Rules of Civil Procedure mandates that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). With their Motion to Compel, Plaintiffs submit a Rule 37(a)(1) certificate in which they certify "that they have conferred in good faith with the DOC in an effort to obtain the discovery responses at issue in this motion without court action."[2] No further information about said conference is provided in the certification, and nowhere in their Motion do Plaintiffs provide the date or time or any additional information about the conference. However, in their Motion, Plaintiffs do state, contrary to their counsel's certification, that "[c]ounsel for the

---

[1] R. Doc. 83 at 1; R. Doc. 83-1 at 5.
[2] R. Doc. 83 at 3.

DOC has in fact not once responded to Plaintiffs' counsel's attempts to confer in good faith, resulting in an unjustified delay in receiving these documents." Thus, to the Court, it does not appear that either Party made a good faith effort to resolve the specific issues raised in the instant Motion, despite Plaintiffs' counsel's boilerplate-language certification, meaning the requirements of Rule 37 were not met prior to this Motion being filed. This alone is grounds for denial of this Motion. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith conferral or attempt to confer); *Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. Apr. 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an [e-mail], with defense counsel.... For this reason, alone, his Motion should be denied."); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue").

Moreover, even if the Court were to review this Motion on the merits for the efficiency of this matter, this Motion still should be denied. During a teleconference held before this Court on November 17, 2021, counsel for Plaintiffs asked that the fact discovery deadline be extended "to allow for limited depositions related to class certification," which specific request was captured in the minutes from the conference.[3] The subpoena sent to the DOC, which was sent during the deadline extension granted by this Court in response to Plaintiffs' request and is for a Rule 30(b)(6) deposition, directs the DOC to the "rider" attached to the subpoena for a description of the matters

---

[3] R. Doc. 67 at 1.

about which the DOC representative will be expected to testify."[4]  The attached "rider" requests the DOC designate one or more representatives "to testify on behalf of the DOC who are most knowledgeable about and will provide binding testimony on the following subjects," thereafter listing 11 subject areas.[5]  However, subject matter number nine, at issue here, does not set forth a subject matter for discussion; rather, it demands "[p]roduc[tion] [of] all documents provided to the U.S. Department of Justice since January 1, 2019 relating to Louisiana's prisoner release practices."[6]  This does not comport with the representations made by Plaintiffs' counsel to this Court about the discovery that would take place during the limited fact discovery extension this Court ultimately granted.  As Plaintiffs, at this point, have had almost two years to conduct fact discovery on class certification, as Plaintiffs failed to adhere to the strictures of Rule 37 before filing this Motion, and as "a district court is afforded broad discretion when deciding discovery matters,"[7] this Court will deny Plaintiffs' request.

Accordingly,

**IT IS ORDERED** that the Motion to Compel Compliance with Subpoena Duces Tecum (R. Doc. 83) filed by Plaintiffs is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 20, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] R. Doc. 83-2 at 2.
[5] *Id.* at 5-8.
[6] *Id.* at 7.
[7] *McCollum v. Puckett Machinery Co.*, 628 F.App'x 225, 227 (5th Cir. 2015) (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011) (internal quotations omitted)).