UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN HUMPHREY**, on behalf of himself and all similarly situated individuals, | * * * * * | **CIVIL ACTION** **NUMBER: 3:20-cv-00233-JWD-SDJ** |
| **VERSUS** | * * * | **JUDGE JOHN W. DeGRAVELLES** |
| **JAMES LEBLANC** | * * | **MAGISTRATE JUDGE SCOTT JOHNSON** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE AND/OR STRIKE (1) AMENDED REPORT OF DORA SCHRIRO AND (2) REPORT OF RITA ROSSI**

**MAY IT PLEASE THE COURT:**

Defendants James LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, and the Louisiana Department of Public Safety & Corrections (hereinafter, "Defendants" or "DPS&C") respectfully submit this Memorandum in Support of their Motion to Exclude and/or Strike the (1) Amended Report of Dora Schriro (Exhibit 7-R.Doc. 104-8) and Report of Rita Rossi (Exhibit 13-R.Doc. 104-14) offered by Plaintiffs in support of their Motion for Class Certification (R.Doc. 104), pursuant to Fed. R. Evid. Rules 702, 703, 704, and Fed. R. Civ. P. 26.

Both Schriro and Rossi's reports contain opinions that are legal conclusions that are not admissible. Moreover, their opinions relate to the ultimate merits issue in this case, not on the issue of class certification – the only issue before the Court on Plaintiffs' Motion for Class Certification. As they contain impermissible legal conclusions that are irrelevant to the issue of class certification, the reports of Schriro and Rossi should be excluded.

In addition, both Schriro and Rossi lack the necessary knowledge, skill, experience, training or education to allow them to present expert opinions on the issue of sentence calculation by the Louisiana DPS&C. Neither of them possess any knowledge of the laws and

regulations in Louisiana that govern the sentence calculation process, and they both admitted they know nothing about these processes in Louisiana beyond what they read in the limited materials provided to them. This lack of knowledge, skill, experience, training or education establishes a glaring lack of relevancy and reliability. Accordingly, on this additional basis, these reports should be excluded. Lastly, Rossi's report violates provisions of Fed.R.Civ.P. Rule 26.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2022 Plaintiffs filed their Motion for Class Certification (R.Doc. 104), alleging that they could satisfy each of the requirements of Fed.R.Civ.P. Rule 23. In support of that Motion, Plaintiffs attached and relied upon several exhibits, including the Amended Report of Dora Schriro (Exhibit 7-R.Doc. 104-8) and Report of Rita Rossi (Exhibit 13-R.Doc. 104-14). Plaintiffs offer these report as expert reports. For the following reasons, these reports should be excluded from consideration by the Court, and should not be allowed to support Plaintiffs' Motion for Class Certification.

II.     LAW AND ARGUMENT

    A.     *Daubert* Standard

Fed. R. Evid. 702 provides that a "witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise …." if certain requirements are satisfied. Under this rule, expert evidence must not only be relevant, but it also must be reliable. *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 589 (1993). An expert opinion based on insufficient information is unreliable. *Seaman v. Seacor Marine LLC*, 326 Fed. App'x 721, 724 (5th Cir. 2009); *Knight v. Kirby Inland Marine, Inc.* 482 F.3d 347, 354–55 (5th Cir. 2007). A "party offering an expert's opinion bears the burden of establishing the admissibility of that opinion by a preponderance of the evidence." *U.S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

At the class certification stage, the District Court must engage in a "rigorous [*Daubert*] analysis." *Carroll v. SGS Automotive Services, Inc.*, 2020 WL 7024477, at *3 (M.D. La. 11/3/20); *Shields v. State Farm Mutual Automobile Ins. Co.*, 2021 WL 4486097, at *2 (W.D. La. 9/29/21). Courts in other Circuits have similarly concluded that "the district court must perform a full *Daubert* analysis" when a challenge is raised in Rule 23 proceedings. *See e.g. Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010). Accordingly, upon consideration of this Motion challenging the reports of Schriro and Rossi, the Court should require full compliance with Rule 702 and *Daubert*.

      **B.**      **The Reports of Schriro and Rossi Offer Legal Conclusions Only and Opine on the Merits of the Plaintiffs' Claims – Not on an Issues Relevant to Class Certification**

Initially, Federal Rule of Evidence 702 permits a qualified expert to give opinion testimony if the expert's specialized knowledge would allow the trier of fact to better understand the evidence or decide a fact in issue. *See* Fed.R.Evid. 702(a). However, opinions that merely tell the trier of fact what result to reach are not admissible. *See Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (quoting Fed.R.Evid. 704 Advisory Committee's Note). A Trial Judge "ought to insist that the proffered expert bring to the [trier of fact] more than the lawyers can offer in argument." *In re Aircraft Disaster at New Orleans, Louisiana*, 795 F.2d 1230, 1233 (5th Cir. 1986). *Owen*, Id. at 240; *United States v. Fogg*, 652 F.2d 551, 557 (5th Cir. 1981), *cert. denied* 456 U.S. 905 (1982); *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977).

The question of whether an individual has been overdetained or not is a legal conclusion. Whereas the specific facts and circumstances of a person's imprisonment and release may be factual determinations that are admissible, the ultimate determination that Plaintiffs, or any of the other proposed class members, have been overdetained or not is a legal conclusion upon which an expert witness cannot opine. Likewise, an expert witness cannot testify whether the

Plaintiffs have satisfied their burden of proof on the various causes of action asserted in their Complaint.[1] Expert testimony that offers legal opinions is inadmissible, *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999), because it does not "help the trier of fact to understand the evidence or determine a fact in issue …." Fed. R. Evid. 702(a). Expert witnesses may not testify regarding legal conclusions, stating "if an expert were allowed to testify to legal questions, each party would find an expert who would state the law in the light most favorable to its position." *Estate of Sowell*, 198 F.3d at 172.

In addition, the sole issue before the Court on Plaintiffs' Motion for Class Certification is whether Plaintiffs can satisfy the requirements of Rule 23. An expert opinion regarding the ultimate merits questions would be of little use to the Court at the class certification stage since the Court reaches merits questions only to the extent that they overlap with the class certification analysis. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Whether or not the Plaintiffs, or any of the proposed class members, have actually proven their claims in this action, is not before the Court at this time. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* ––– U.S. –––, 133 S.Ct. 1184, 1194–95, 185 L.Ed.2d 308 (2013); *see also Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.,* 458 Fed.Appx. 793, 794 (11th Cir.2012).

Despite the limits on consideration of merits issues on a Motion for Class Certification, Plaintiffs' proffered expert reports opine exclusively on the ultimate merits questions of whether the DPS&C has overdetained the Plaintiffs. Because these opinions are irrelevant to the issue of class certification before the Court on this Motion, the reports of Schriro and Rossi should be

---

[1] In their Second Amended Complaint Plaintiffs allege five causes of action, including: (1) 42 U.S.C. § 1983, (2) Due Process under Art. I, Sec. 2 of Louisiana Constitution, (3) False Imprisonment, (4) Negligence, and (5) Intentional Infliction of Emotional Distress. *See* R.Doc. 43. All of these causes of

4

excluded.

### 1. Schriro's Report Contains Legal Conclusions Relating Solely to Merits Issues that Should be Excluded

The first substantive sentence of Schriro's Report states: "For years, the Louisiana Department of Public Safety and Corrections (DOC) has over-detained thousands of people in its custody." *See* R.Doc. 104-8, at p. 3. She also opines that Plaintiff Humphrey was overdetained.[2] This is the exact merits question the Plaintiffs seek to prove in this case. She continues on to conclude that the DOC has over-detained "thousands of state-sentenced inmates." Id., at p. 4. She also opines that Secretary Leblanc is aware of the problem of overdetention, but he fails to address it. Id., at p. 5. And she states that the DOC does not have a system in place to accurately identify and timely release those who are allegedly eligible for immediate release. Id.

All of these conclusions, and others contained in Schriro's Report, relate to the merits of the Plaintiffs' claims in this case – not to whether any of the Rule 23 requirements are satisfied. Schriro's Report is offered solely to prove that the Plaintiffs, the proposed class, can prove that they have met their burden of proof on the various causes of action alleged in their Complaint. They are legal conclusions that are impermissibly offered in support of Plaintiff's Motion for Class Certification. Whether each of the class certification requirements are satisfied is the only issue before the Court on this Motion for Class Certification and Schriro's opinions bear nothing on the Rule 23 requirements. Schriro's Report exclusively opines on whether Plaintiffs, and the class members they seek to represent, have been overdetained, not on whether any of the Rule 23 requirements are satisfied. She has opined solely on the legal conclusion of whether the class members have been overdetained, and whether the DPS&C's systems for sentence calculation support a determination that the Plaintiffs have been damaged, which are impermissible subjects

---

action relate to the allegation of overdetention.
[2] *See* Schriro deposition, attached as Exhibit 1, at p. 33.

for an expert witness.

Dr. Schriro was previously excluded as an expert for the same reason as argued here: she opined on whether the plaintiff's allegations of sexual misconduct were true. In excluding Dr. Schriro as an expert, the Court stated: "'[o]pinions that merely tell the jury what result to reach are not admissible.'" *Dean v. Bearden*, 2021 WL 4066336, at *2 (W.D. Mo. 2021) (*citing Lee v. Andersen*, 616 F.3d 803, 809 (8th Cir. 2010). Surprisingly, Dr. Schriro denied ever being excluded as an expert witness.[3] And she forgot that her expert opinions had ever been challenged.[4]

Like in *Dean*, this Court should exclude Schriro's report because it only offers legal conclusions that are irrelevant to the sole issue of class certification that is before the Court on Plaintiffs' Motion.

### 2. Rossi's Report Contains Legal Conclusions and Opinions Related to Merits Issues that Should be Excluded

Likewise, Rossi's Report solely concludes that the DPS&C's sentence calculation function is inadequate, resulting in overdetentions[5] – a legal conclusion related only to the merits questions in this case that is irrelevant to the issue of class certification. Her conclusions relate exclusively to whether the Plaintiffs can support their these various causes of action alleged in the Complaint.

Moreover, Rossi offers no opinion on whether the requirements for class certification have been satisfied. In fact, she has no familiarity with any of those requirements.[6] Instead, her only opinions are that the Louisiana DPS&C's systems for sentence calculation differs from the systems utilized by the Illinois DPS&C, and that the LDPS&C system for sentence calculation

---

[3] *See* Schriro deposition, Exhibit 1, at p. 16.
[4] Id.
[5] *See* Rossi Report, R.Doc. 104-14, at pp. 5 and 7.
[6] *See* Rossi deposition, Exhibit 1, at pp. 45, 58.

"is not designed to determine quickly whether [it] actually has authority to imprison a person."[7] Rossi made no effort to determine the facts of Plaintiff Humphrey's time computation and release.[8] Or for Plaintiffs Giroir or Bryant.[9] Although her Report offered no opinion as to whether Plaintiffs Humphrey, Giroir and Bryant were overdetained, in her deposition Rossie stated her opinion that they were overdetained,[10] based entirely (and only) on the allegations contained in the Complaint.

Rossi's Report offers only legal conclusions that are impermissible for an expert witness. For these reasons, Rossi's Report should be excluded from consideration on Plaintiffs' Motion for Class Certification.

    **C.**    **Schriro Lacks the Necessary Knowledge, Skill, Experience, Training or Education to Offer Expert Opinion on Sentence Calculation Issues**

Schriro has never been retained before this case as an expert on the topic of sentence calculation.[11] Her CV is devoid of any source of knowledge, skill, experience, training or education related to the process of sentence calculation.[12] She has never issued a report or opinion on the topic of sentence calculation. Her only knowledge about how the Louisiana Department of Corrections operates comes from her involvement in this case, and also in another case involving alleged violations of the ADA.[13] Schriro did not review or consider any of the laws in Louisiana applicable to sentence calculation,[14] nor is she familiar with them.[15] She also has had no prior interactions or communications with any Louisiana DPS&C representatives about sentence calculation,[16] whether on this case or any other.[17] In fact, Schriro admitted that

---

[7] *See* Rossi Report, R.Doc. 104-14, at p. 7.
[8] *See* Rossi deposition, Exhibit 1, at pp. 60-62.
[9] Id., at pp. 62-63.
[10] Id., at pp. 67-73.
[11] Id., at p. 17.
[12] Schriro's CV was attached as Exhibit 6 to her deposition and attached here as Exhibit 2.
[13] *See* Schriro deposition, Exhibit 1, at p. 23. The other Louisiana case is *Lewis v. Cain*, Case No. 3:15-cv-00318 (M.D. La.).
[14] *See* Schriro deposition, Exhibit 1, at p. 24.
[15] Id., at pp. 25-26.
[16] Id.

7

during her professional career, which ended in 2014,[18] her only involvement with sentence calculation has been "general oversight."[19]  She only has "general familiarity" with how a sentence for an inmate should be calculated.[20]

Despite her lack of knowledge, skill, experience, training or education on the topic of sentence calculation or DPS&C's conformity with the laws and regulations governing this process, Schriro presumptively declares that the Louisiana DPS&C has, for years, "over-detained thousands of people in its custody."[21]  She admittedly knows nothing about the DPS&C's processes for sentence calculation, or the laws and regulations that apply to those processes, yet opines that the DPS&C's processes have caused the overdetention of thousands of people.  This conclusory and unsupported statement reflects why Schriro's Report and opinions should be excluded from consideration on Plaintiffs' Motion for Class Certification.

Simply because Schriro had a career in prison administration, which never remotely involved the state of Louisiana, does not qualify her to opine on whether the Louisiana DPS&C has overdetained anyone.  She similarly lacks the knowledge or experience to opine on how Sec. Leblanc has historically addressed the evolving sentence calculation processes, having only reviewed deposition testimony in this regard.

An expert witness's testimony should be excluded if the district court "finds that the witness is not qualified to testify in a particular field or on a given subject."  *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir.1999). Schriro lacks the knowledge, skill, experience, training and education to provide an expert opinion on the topic of sentence calculation in Louisiana. Accordingly, it should be excluded from evidence.

---

[17] *See* Schriro deposition, Exhibit 1, at p. 25.
[18] Id., at p.21
[19] Id., at p. 26-27.
[20] Id., at p. 27.
[21] *See* Schriro Report, R.Doc. 104-14, at p. 3.

### D. Rossi Lacks the Necessary Knowledge, Skill, Experience, Training or Education to Offer Expert Opinion

It is also apparent from Rossi's Report, and her deposition testimony,[22] that she lacks the necessary knowledge, skill, experience, training or education to support her various conclusions. On this additional basis, Rossi's Report should be excluded.

Rossi has never before been retained, offered, or accepted as an expert witness in any field in any matter.[23] Likewise, this is the first time she has ever produced a report that is offered as an expert report.[24] In connection with the report offered in this case, she claims expertise in the field of "calculation and interpretation, or the calculation of sentence, time served ordered by the courts, and the interpretation of the intent of the courts as it pertains to an incarcerated felon."[25] The sole basis of this claimed expertise is her employment by the Illinois Department of Corrections, which ended with her retirement seven years ago.[26] Although Rossi admits she has no knowledge or experience with the Louisiana Department of Corrections, or its systems, procedures, and laws with respect to sentence calculation,[27] she proffers opinions and conclusions as to the adequacy of Louisiana's methods. And she admittedly did so only by comparing the Louisiana methods for time computation to only those utilized in Illinois.[28] She compared Louisiana's methods to no states other than Illinois.[29] In fact, Rossi admitted in her deposition that "Illinois is where I'm more familiar."[30] She could not state the steps used by Louisiana for sentence calculation, but only the steps used in Illinois.[31] And her knowledge of the Illinois methods for time calculation are limited to what was in place in 2015 when she

---

[22] *See* Rita Rossi's deposition, attached as Exhibit 3.
[23] Id., at pp. 16-17.
[24] Id.
[25] Id., at p. 57.
[26] Id., at p. 14; *see also* Rossi Report, R.Doc. 104-14, at p. 1. Rossi's employment at the IDOC ended with her retirement in 2015. *See* Rossi deposition, Exhibit 3, at pp. 14, 28.
[27] *See* Ross deposition, Exhibit 3, at pp. 31-32.
[28] Id., at pp. 27-28.
[29] Id., at p. 87.
[30] Id., at p. 33.
[31] Id., at pp. 78-80.

retired. Since then, she stated she has kept abreast of updates or changes only by hearing this information at "retirement parties" through the years.[32]

Rossi lacks any knowledge whatsoever with the processes and laws in Louisiana related to sentence calculations. Amazingly, before rendering her report, Rossi did not bother to analyze the applicable laws in Louisiana relevant to the time computation process,[33] nor is she aware of which ones that apply.[34] She has never had any prior interactions or communications with any Louisiana DOC employee or representative.[35]

Although Rossi's report includes the claim that she possesses knowledge of how Departments of Corrections should calculate sentences,[36] she admitted that she does "not have knowledge of that nationwide,"[37] which necessarily includes Louisiana. Also, she has never consulted with any other state's DOC on their time calculation processes.[38] As a result, it is apparent that Rossi's knowledge of sentence calculation methodology is limited exclusively to what is done (or was done seven years ago when she retired) in Illinois.

A district court "should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009). Rossi's deposition testimony establishes that she lacks the necessary knowledge, skill, experience, training or education as to Louisiana's processes for sentence calculation. It is impossible for her to render any expert opinion with any reliability. Accordingly, for this additional reason, Rossi's Report should be excluded.

E.   **Rossi Failed to Identify the Documents she Relied upon in Violation of FRCP Rule 26**

Fed. R. Civ. P. 26(a)(2)(B)(iii) requires that a proffered expert must identify "any

---

[32] Id., at pp. 26-27, 85-86.
[33] Id., at p. 28. Rossi did say she reviewed one Louisiana law but could not remember which one. *See* Rossi deposition, Exhibit 3, at pp. 32-33.
[34] Id., at pp. 55, 67.
[35] Id., at p. 34.
[36] *See* Rossi Report, R.Doc. 104-14, at p. 2.

exhibits that will be used to summarize or support" their report. Rossi admitted she failed to identify all of the documents upon which she relied to form her opinions in her report.[39] When asked why not, she said she is "not an attorney" and she assumed "they knew" she had access to other documents.[40] The only reason it was discovered that she relied upon other documents not identified in her report, as required by Rule 26, is that Plaintiffs' counsel produced additional documents in response to a subpoena seeking all documents upon which she relied.[41] This is not sufficient to satisfy Rule 26. Rossi's failure to properly identify her reliance materials and documents violates Fed.R.Civ.P 26(a)(B)(2)(iii) and prevents the Court's analysis of relevance and reliability. Accordingly, for this additional reason, her Report should be excluded.

### III. CONCLUSION

The Court should exclude the Amended Report of Dora Schriro and Report of Rita Rossi in connection with its consideration of Plaintiffs' Motion for Class Certification.

Both Schriro and Rossi's reports contain legal conclusions that are not relevant to the issue of class certification that is before the Court. Further, Schriro and Rossi lack the knowledge, skill, experience, training or education to support their purported expert conclusions. For these reasons, both of their reports should be excluded.

---

[37] *See* Rossi deposition, Exhibit 3, at pp. 41-42.
[38] Id.
[39] Id., at pp. 46-47.
[40] Id. at pp. 47-48.
[41] Id., at pp. 48-52.

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By: /s/ Christopher K. Jones
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 22nd day of August, 2022.

/s/ Christopher K. Jones
Christopher K. Jones