UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HUMPHREY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LEBLANC, <br><br> Defendant. | Civil Action No. 3:20-cv-0233 <br><br> Judge John W. deGravelles <br><br> Magistrate Judge Scott D. Johnson |
| GIROIR <br><br> Plaintiff, <br><br> v. <br><br> LEBLANC, <br><br> Defendant. | Civil Action No. 3:21-cv-108 <br><br> Judge John W. deGravelles <br><br> Magistrate Judge Scott D. Johnson |

**PLAINTIFFS' CORRECTED MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiffs in the above-captioned matter, by and through their undersigned counsel, submit this corrected[1] memorandum in opposition to Defendant's motion for protective order, ECF 149, and memorandum in support, ECF 149-1. For the reasons set forth below, Plaintiffs respectfully submit that Defendant's motion should be denied.

## BACKGROUND

In his motion, Defendant LeBlanc seeks to indefinitely stay all discovery in these two cases. But he has provided no reason, and identified no actual undue burdens, that would justify such a request.

As context, the parties engaged in settlement negotiations in the fall of 2022. During those negotiations, Defendant provided copies of "pull document" spreadsheets similar to those this

---

[1] This memorandum is corrected to comply with the signature requirement of Local Civil Rule 11(a)(1).

Court has already found to be relevant. *See* ECF 56 (granting motion to compel production of pull documents).

After the negotiations ended without resolution of the cases, Plaintiffs served Defendant with Requests for Production seeking the same pull documents that he had produced during settlement negotiations. *See* ECF 149-3.

Defendant objected that those pull documents had been produced as part of settlement negotiations that were covered by settlement confidentiality, so on December 7, Plaintiff served new discovery requests, this time describing the documents requested, without identifying them as documents produced in the settlement negotiations. *See* ECF 149-4.

In response, Defendant filed the present motion to freeze all discovery in this case, claiming that any discovery would be disproportionate to the needs of the case and unduly burdensome under Rule 26(b)(1) until the Court's class certification decision delineates the scope of the remaining discovery. *See, e.g.*, ECF 149-1 at 4-5.

Defendant's motion is unmoored from any actual dispute between the parties. Stays of discovery are generally disfavored, since they slow down the resolution of cases. And while it is possible to make discovery requests that might pose an undue burden while a class certification motion is pending, that is not the discovery that Plaintiffs have served in this case. The documents sought for in discovery will be relevant whether a class is certified or not, and production of the pull documents will not burden Defendant, because the documents Plaintiffs seek have already been created by the Defendant; indeed Defendant has already produced pull documents to Plaintiffs and the Magistrate Judge during settlement negotiations. There is simply nothing in Plaintiffs' discovery requests that calls for the suspension of discovery while class certification is pending.

Defendant separately objects that permitting production of the pull documents at issue will chill settlement conferences going forward. That concern is unfounded. Pull documents are

government records that—as this Court has already determined—are highly relevant to the issues in this case, and that are in the Defendant's possession. They are not party statements or positions taken during settlement negotiations, which are the types of information that the rules of settlement confidentiality are designed to protect. Rather, they are government records of the type that have already been deemed relevant and discoverable in this case. Defendant's argument seems to suggest that the pull documents should be rendered privileged from discovery *because* they were disclosed during settlement negotiations, but Defendant offers no support for such a proposition.

Defendant's motion to stay discovery should be denied in its entirety.

## ARGUMENT

In its motion, Defendant argues that the Court should grant a stay of discovery because (1) the scope of discovery will depend on whether the Court grants class certification, (2) Plaintiffs' document requests impose a burden on Defendant, and (3) the requested documents are protected from discovery because the parties used them in settlement negotiations. Each argument is wrong.

**I.    Discovery should not be stayed while Plaintiffs' motion for class certification is pending.**

Plaintiffs will be prejudiced by a stay of discovery. The case was originally filed in April 2020, almost three years ago. *See* ECF 1. A stay will further impose an unnecessary delay on Plaintiffs' ability to obtain discovery and collect a judgment against Defendant, which is anathema to the rules, *see* Fed. R. Civ. P. 1.

Such prejudice is one of the reasons stays of discovery are disfavored where, as here, a motion for class certification is pending. *See In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 14-cv-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) (denying stay of discovery until class certification where case had been pending for over three years); *In re Aid Auto Stores, Inc.*, No. 98-cv- 7395, 2001 WL 1478803, *1 (E.D. N.Y. 2001) (denying stay where two years preceded class certification motion); *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038, 2004 WL 2743591,

at *3 (E.D. Pa. Nov. 29, 2004) ("This case has already been on the docket for over 18 months without a decision on class certification. Failure to permit simultaneous discovery of merits-related and class-related issues will further delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims.").

Staying discovery would hamstring Plaintiffs' ability to prosecute their case while extending Defendant's time to respond to the claims against him.  As in every lawsuit, Defendant is welcome to engage in the meet and confer process if he believes specific discovery requests are irrelevant or overly burdensome. But there is no basis for a complete stay of all discovery.

**II.     Production of the pull documents will not unduly burden Defendant.**

Defendant argues that *any* discovery would be disproportionate to the needs of the case and unduly burdensome until the Court's class certification decision.  ECF 149-1 at 4.  Plaintiffs' discovery requests, however, call for documents that the DOC has already created.  Plaintiffs do not ask Defendant to generate any new documents or compile information into a new format. For the documents already produced during settlement negotiations, all that would be necessary is for Defendant's counsel to indicate that those documents can be considered to be also produced in discovery. The burden on Defendant is minimal.

**III.    The pull documents are relevant regardless of whether the class is certified.**

Defendant argues that the Court should stay discovery because the scope of discovery will depend on this Court's decision regarding class certification.  The pull documents, however, will be discoverable even if this case proceeds as an individual action.  *See* Fed. R. Civ. P. 26(b)(1); *see Lamon v. Adams*, No. 1:09-CV-00205, 2010 WL 4513405, at *2 (E.D. Cal. Nov. 2, 2010) (finding prison records identifying other similar conduct relevant to supervisory defendants' deliberate indifference in individual case).  Each of Plaintiffs' pending discovery requests are probative to the issue of Defendant LeBlanc's knowledge of the overdetention problem and the actual scope and

size of that problem, and thus his deliberate indifference to it. Plaintiff Humphrey intends to proceed individually even if the Court denies class certification. If that happens, he will have to prove that Defendant LeBlanc had notice of the problem and of that problem's actual, widespread nature. The pull documents are evidence of the scope of the overdetention problem and are therefore relevant to Plaintiff Humphrey's claims. *Cf. McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989) ("Sufficiently numerous prior incidents of police misconduct, for example, may tend to prove a custom and accession to that custom by the municipality's policymakers. Isolated instances, on the other hand, are inadequate to prove knowledge and acquiescence by policymakers."). Further, the data in the pull documents has been cited by at least one federal court in an individual overdetention case,[2] and they are listed as an exhibit for an individual overdetention trial in this Court.[3] Plaintiffs' pending discovery requests will help prepare this case for trial, whether or not the case proceeds as a class.

### IV. A discoverable document is not privileged simply because it was produced during settlement negotiations.

Defendants urge this Court to invent a new privilege, shielding otherwise discoverable government records simply because they were first produced during a settlement negotiation. But that is not the rule; if it were, a defendant could attend a settlement conference, divulge otherwise discoverable (and damning) documents in its possession in the negotiations, and later claim that evidence could never be subject to a discovery request or used at trial. Such a result is not permitted under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Indeed, the Federal Rules Committee has explained that Federal Rule of Evidence 408 "cannot be read to

---

[2] *Traweek v. Gusman*, 19-cv-01384-MLCF-JVM, R. Doc. 41 (Oct. 23, 2019 E.D. La.) at fn. 10 (Order Denying Motion to Dismiss) ("Mr. Traweek alleges that, in February 2019, DOC general counsel noted that "231 people across the state … waited an average 44 days to be released after a judge ordered them free.")

[3] *McNeal v. DPS&C*, 18-cv-00736-JWD-EWD, R. Doc. 84 (Aug. 3, 2020 M.D. La.) at *7 (Pre-Trial Order).

protect pre-existing information simply because it was presented to the adversary in compromise negotiations." *See* Fed. R. Evid. 408 advisory committee's note (2006 amend).

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court deny the Defendant's motion for protective order in its entirety.

Dated: January 10, 2023                                          Respectfully submitted,

 /s/ Nishi Kumar                                                  /s/ Stephen H. Weil

*One of Plaintiff's Attorneys*

Mercedes Montagnes, La. Bar No. 33287         Mike Kanovitz
Nishi Kumar, La. Bar No. 37415                       Stephen Weil
Lydia Wright, La. Bar No. 37926                     Maria Makar
The Promise of Justice Initiative                      Loevy & Loevy
1024 Elysian Fields Avenue                             311 N. Aberdeen, 3rd Floor
New Orleans, LA 70117                                   Chicago, IL 60607
Tel: (504) 529-5955                                           Tel: (312) 243-5900
Fax: (504) 595-8006                                          Fax: (312) 243-5902
mmontagnes@defendla.org                           weil@loevy.com

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com