UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HUMPHREY *et al.*, | |
| Plaintiffs, | Civil Action No. 3:20-cv-0233 |
| v. | |
| LEBLANC, | Judge John W. deGravelles |
| Defendant. | Magistrate Judge Scott D. Johnson |
| GIROIR | Civil Action No. 3:21-cv-108 |
| Plaintiff, | |
| v. | Judge John W. deGravelles |
| LEBLANC, | Magistrate Judge Scott D. Johnson |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO QUASH THE INSPECTION SUBPOENAS**

Plaintiffs in the above captioned matters respond herein to the motion to quash filed by Secretary James LeBlanc in his official capacity (ECF 188). For the reasons set forth below, the Court should deny Secretary LeBlanc's motion to quash as to its substance, order Secretary LeBlanc to meet and confer with Plaintiffs' counsel in good faith about how to conduct the inspections of several office suites as identified in Plaintiffs' subpoenas, and allow the inspections to go forward.[1]

The *Giroir* and *Humphrey* cases are about paperwork: when and how it moves from one place to another (or doesn't) in administrative offices of the Louisiana Department of Public

---

[1] Plaintiffs understand the Court's June 12, 2023 Ruling (ECF 189) to grant the motion to quash as to only the dates of inspection, while it awaits written submissions and adjudication on the merits.

1

Safety & Corrections ("DPS&C"). Plaintiffs have alleged that for at least a decade now, the Defendant has known that sentencing paperwork has moved through the offices in the DPS&C at a lethargic pace, and that despite knowing about this glaring problem, Defendant LeBlanc has done virtually nothing to fix it. Plaintiffs have issued the subpoenas[2] in order to lay eyes on the administrative offices where this paperwork is processed, which have been the source of the DPS&C's decades-long and ongoing sentencing problems, and to make a record of what they see there via photographs and video. The DPS&C's paperwork-processing apparatus has failed miserably and demonstrably for years; Plaintiffs seek to determine whether a chaotic or disorganized setup of this paperwork process may play a role in the delays.

This type of discovery is reasonably targeted at gathering evidence that is relevant to the claims and defenses in both cases. In response to Plaintiffs' allegations, LeBlanc repeatedly claims that the DPS&C has "continuously worked to address" the problems with paperwork processing at DPS&C headquarters and facilities. ECF 118 at 8. Plaintiffs simply seek to see DPS&C's offices as a means of gathering evidence that goes to the question of whether LeBlanc has in fact made any improvements or dedicated any resources to fixing the issues Plaintiffs identified. Are the workstations organized? Is there a filing and storage system? Is the equipment and technology suitable and up-to-date? Are there tools and supplies in the office to assist with paperwork processing? Are there displays providing real-time updates on the status of paperwork? Are there boards informing employees about pending tasks, priorities, and deadlines? Are there clear signs or labels to guide employees? Do the employees have sufficient

---

[2] None of these parties are defendants in *Humphrey* or *Gioir*, necessitating a Rule 45 subpoena to third parties, and not a Rule 34 request to the opposing party. LeBlanc is the sole defendant.

space to work, meet, and process paperwork? Such information can be uncovered only by inspections. A picture is worth a thousand words.

The inspections will not impose a meaningful burden on the DPS&C's operations. During the parties' meet and confer, Plaintiffs' counsel offered to conduct the inspections on any day, in any order, in whatever manner—within reason—was most convenient for DPS&C. Defense counsel refused to even engage in discussion about the inspections. In fact, Defense counsel maintained that it did not matter what compromises Plaintiffs' counsel offered, and firmly stated that they would object regardless.

LeBlanc's objections are implausible. It is unbelievable that the DPS&C cannot find an hour of the day (or a weekend) when Plaintiff's counsel could inspect office suites. As LeBlanc admits in his Motion, jails and prisons—secure facilities with numerous moving parts and genuine security concerns—are routinely inspected in prisoners' rights litigation, presenting many more considerations than inspection of an administrative office where paperwork is processed.

LeBlanc objects that these office inspections present security and confidentiality risks, but those objections are meritless. There is a protective order in this case, and Plaintiffs' counsel is open to additional confidentiality measures that Secretary Leblanc might proposed. And Leblanc has done nothing to explain why the inspections would present any sort of security concern. Paperwork is not inherently dangerous.

Now is the appropriate time for these inspections. Plaintiffs will pursue these inspections whether or not the class is certified. The information Plaintiffs seek is relevant to the case, whether it proceeds as a class action or individual claims. Each class representative, and all absent putative class members, will base their claims on Leblanc's indifference to the

overdetention problem. Part of their proof will concern whether LeBlanc's paperwork-processing function is inefficient in a manner that leads to delayed sentencing calculation, which will be relevant evidence for every putative class member's claim. While Plaintiffs' class certification motions remain under advisement with the Court, the parties can use the results of the inspections to explore the breadth of the dispute and target the remaining discovery in these cases. If the parties are forced to wait until the Court issues its class certification decisions, the time currently available to them will be wasted, and the ultimate resolution of these cases will be further delayed.

Plaintiffs respectfully request that this Court deny LeBlanc's motion to quash as to its substance, order LeBlanc to meet and confer with Plaintiffs' counsel in good faith about how to conduct the inspections, and allow the inspections to go forward.

Date: June 23, 2023

Respectfully submitted,

/s/ *Maria Makar*

Lydia Wright, La. Bar No. 37926
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
Fax: (504) 595-8006
mmontagnes@defendla.org

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

Mike Kanovitz
Stephen Weil
Maria Makar
Loevy & Loevy
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Tel: (312) 243-5900
Fax: (312) 243-5902
weil@loevy.com