UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN HUMPHREY, ET AL.

VERSUS

JAMES LEBLANC

CIVIL ACTION

NO. 20-233-JWD-SDJ

## RULING ON MOTION TO STRIKE /EXCLUDE EXHIBIT OFFERED BY PLAINTIFFS IN THEIR REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Before the Court is the *Motion to Strike /Exclude Exhibit Offered by Plaintiffs in Their Reply in Support of Motion for Class Certification* ("*Motion*") (Doc. 135) brought by defendants James LeBlanc in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections ("LeBlanc" or "Defendant") and the Louisiana Department of Public Safety and Corrections ("DOC"). (Doc. 135 at 1.) The Court notes at the outset that while the DOC and LeBlanc in his official capacity as Secretary of DOC were originally made defendants, the only defendant as per the operative complaint, (the Second Amended Class Action Complaint ("SAC")), is James LeBlanc in his individual capacity. (Doc. 43 at 3–4, ¶ 10.) Neither the DOC nor LeBlanc in his official capacity are currently defendants. Only LeBlanc answered the SAC. (Doc. 44.)

The *Motion* is opposed by Plaintiffs James Humphrey ("Humphrey"), Joel Giroir ("Giroir") and Bryant White ("White") (collectively, "Plaintiffs"). (Doc. 141.) Defendant filed a reply brief. (Doc. 144.) The Court has carefully considered the law, facts in the record and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion* is denied.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Humphrey filed this suit on April 15, 2009, asserting class action allegations and seeking monetary damages related to Defendant's alleged overdetention of him and others similarly situated. (Doc. 1.) Plaintiffs Giroir and White were later added as named Plaintiffs. (SAC, Doc. 43 at 2, ¶ 4; *id*. at 3–4, ¶¶ 7–9.) Plaintiffs allege that they and others similarly situated were "remanded to the custody of the DOC since April 16, 2019 (pursuant to a criminal sentence or parole or probation revocation), and [ ] were entitled to release at the time they were remanded to the DOC's custody, but [ ] were released by the DOC more than 48 hours past the time that they were remanded." (*Id*. at 2, ¶ 4.)

In Plaintiffs' Motion for Class Certification, Plaintiffs define their proposed class as follows:

> [A]ll persons who have been remanded to the custody of the DOC since April 16, 2019, and who were entitled to release at the time of the remand (either pursuant to sentencing or parole revocation), but who were released by DOC more than 48 hours past the time they were remanded to the DOC's custody.

(Doc. 104 at 1; *see also* SAC, Doc. 43 at 16, ¶ 65.)

Plaintiffs filed a Motion for Class Certification on July 21, 2022. (Doc. 104.) Defendant filed an opposition (Doc. 118) and Plaintiffs filed a reply (Doc. 123).

The SAC alleges that "[f]or years now the [DOC] has been unlawfully and knowingly overdetaining thousands of Louisiana residents in its custody every year. [LeBlanc] has known about this misconduct since at least 2012." (SAC, Doc. 43 at 1, ¶ 1.) Plaintiffs allege the particulars of their individual confinements and ultimate releases. (*Id*. at 4–8, ¶¶ 11–30.)

Plaintiffs allege that the DOC has a pattern and practice of overdetaining people in its custody (*id*. at 8), which alleged pattern and practice is set out in more detail at SAC, Doc. 43 at

2

¶¶ 31–33. DOC is alleged to have committed this wrongful over-detention to thousands of prisoners every year (*id*. at ¶¶ 34–47) and that LeBlanc has known or should have known about the problem since a 2012 DOC investigation revealed the same (*id*.). Plaintiffs allege that notwithstanding the 2012 investigation and multiple additional studies and investigations since, nothing significant has been done to solve the problem and, indeed, LeBlanc has been deliberately indifferent to the problem. (*Id*. at ¶¶ 48–62.)

Plaintiffs next allege why the proposed class as defined above meets the numerosity, commonality, typicality and adequacy requirements of Fed. R. Civ. P. 23(a). (*Id*. at ¶¶ 65–81.)

Plaintiffs then claim entitlement to damages from LeBlanc under 42 U.S.C. § 1983 in that LeBlanc's deliberate indifference violated Plaintiffs' constitutional rights to liberty and due process under the United States Constitution (*id*. at ¶¶ 82–90); under Art. I § 2 of the Louisiana Constitution for violating their rights of due process (*id*. at ¶¶ 91–94); for false imprisonment under Louisiana state law (*id*. at ¶¶ 95–97); for state law negligence (*id*. at ¶¶ 98–103); and state law intentional infliction of mental distress (*id*. at ¶¶ 104–108). Plaintiffs seek compensatory and punitive damages and attorney fees. (*Id*. at 23.)

In his answer to the SAC, LeBlanc denies all allegations of wrongdoing. (Doc. 44.)

II.     **THE DOCUMENT AT ISSUE**

On July 21, 2022, Plaintiffs filed *Plaintiffs' Motion for Class Certification*. (Doc. 104.) LeBlanc opposes this motion (Doc. 118), and Plaintiffs filed a reply brief (Doc. 123). In the reply brief, Plaintiffs' counsel makes the following statements relevant to this *Motion*.

> The secretary [LeBlanc] also notes that some prisoners otherwise eligible for release might be detained pursuant to La. R.S. 574.4.3, which requires a residency plan, *see* ECF 118 at 27. But La. R.S. 574.4.3 applies only to sex offenders, who are noted in CAJUN with a simple, easily ascertainable notation. *See, e.g*., Ex. 1 (annotated CAJUN excerpt showing sex offender status). For this limited set of

3

> class members, whether or not a residency plan was lacking and therefore contributed to delay can be determined through a mechanical examination of DOC records. *Cf. Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 197 (E.D. Va. 2015) (noting that review of individual class member records does not create an individual issue where the relevant determination can be made mechanically).

(Doc. 123 at 7, n. 1.)

The attached referenced Cajun excerpt showing sex offender status (Doc. 123-1) is the subject of the present motion to strike.

### III. SUMMARY OF ARGUMENTS OF THE PARTIES

#### A. LeBlanc's Argument

LeBlanc argues that the subject document is inadmissible and cannot be considered in connection with Plaintiffs' motion for class certification because it has not been properly authenticated. (Doc. 135-1 at 3–4 (citing *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005)).) Although it does "identify 'DPS&C Corrections Services' at the top of the page[,] . . . it contains no identifying marks or information to confirm that it is what Plaintiffs say it is . . . " (*Id*. at 4.) "In fact, the document Plaintiffs offer . . . does not bear any Bates number, indicating that this document is not one produced by [DOC] in discovery." (*Id*.)

#### B. Plaintiffs' Argument

Plaintiffs respond by referring the Court to Plaintiffs' arguments made in a similar motion this case involving the same issue. (Doc. 134, responding to LeBlanc's *Motion to Strike/Exclude Certain Evidence Offered by Plaintiffs in Support of Class Certification* (Doc. 114).) In support, Plaintiffs attach a Declaration from Plaintiffs' counsel William Most attesting that the document was provided by DOC in a related case, (Doc. 141-1, attaching email

4

transmittal from DOC staff (Doc. 141-1 at 3).) Counsel represents that he has sent an unredacted copy of the document to defense counsel. (Doc. 141 at 2.)

### C. LeBlanc's Reply

LeBlanc argues that counsel's declaration "is not the proper way to authenticate any document" (Doc. 144 at 1) and that Plaintiffs "fail to identify that case or why or how it is 'related' to this one . . ." (*Id*. at 1–2.) Defendant, however, does not deny that the document was produced by DOC or that the document is authentic. Finally, LeBlanc questions the relevance of the document to the issue of certification. (*Id*. at 2.)

### IV. DISUSSION

Regarding the issue of relevance, raised for the first time in his reply memorandum, the Court finds that the document is relevant to address the issue raised by LeBlanc in opposition to Plaintiffs' class certification motion. (Doc. 123 at 7, n.1, quoted above.)

In the Court's ruling on a similar motion by LeBlanc, *Motion to Strike/Exclude Certain Evidence Offered by Plaintiffs in Support of Class Certification* (Doc. 114), the Court discussed the standard for authentication applicable to Plaintiffs' pending class certification motion (Doc. 202 at 9-15) and will not repeat it here. The Court concluded:

> When dealing with non-expert testimony at the class certification stage and absent unique factual and legal issues like those presented in *Unger*, this Court agrees that the Ninth Circuit's "ultimate admissibility" test is most consistent with the Fifth Circuit's approach. *Id.* at *5 (citing and quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018). ("When conducting its 'rigorous analysis' into whether the Rule 23(a) requirements are met, the district court need not dispense with the standards of admissibility entirely. The court may consider whether the plaintiff's proof is, or will likely lead to, admissible evidence.") As noted in *Edwards*, this is consistent with the Fifth Circuit approach to considering evidence offered at the summary judgment stage. *Patel*, 941 F.3d at 746; *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*,

5

>835 F.3d 530, 534 (5th Cir. 2016); *In re TK Boat Rentals*, *LLC*, 411 F. Supp. 3d 351, 374 (E.D. La. 2019).

(*Id*. at 14–15)

In his declaration, attorney William Most represents that the document at issue was produced by DOC in a "related case." Although Most does not specify the case in which it was produced, he attaches the transmittal email from DOC staff that accompanied the document. (Doc. 141-1 at 3.) He represents that DOC has the email as well as the full and unredacted document but that he, in any event, provided another copy same to defense counsel. (Doc. 141 at 2.)

In LeBlanc's reply memorandum, LeBlanc does not dispute that the document in question is a DOC document and that it was produced to Plaintiffs' counsel from DOC staff. (*See* Doc. 44.) Significantly, although LeBlanc has had an opportunity to review the document for authenticity, LeBlanc doesn't question its authenticity, only that Plaintiffs have allegedly not taken the proper steps to authenticate it. (*Id.*)

>Federal Rule of Evidence Rule 901(a) provides that the requirement of authenticating or identifying an item of evidence is satisfied by "evidence sufficient to support a finding that the matter in question is what the proponent claims it is." The Fifth Circuit has held, however, that Rule 901 "does not require conclusive proof of authenticity before allowing the admission of disputed evidence;" rather, the proponent need only present "some evidence" sufficient to support the requisite finding.

*Kikuchi v. Silver Bourbon, Inc.*, No. 20-2764, 2021 WL 2210915, at *3 (E.D. La. June 1, 2021) (citing *In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008)).

"A proponent may authenticate a document with circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery." *In re McLain*, 516 F.3d at 308 (cleaned up).

Applying this standard, the Court finds that the challenged document may properly be considered in connection with the class certification motion. The document is a DOC document and the circumstances surrounding its production convince the Court that it is authentic. The Court also finds the document relevant to at least one issue raised by the certification motion. Therefore, LeBlanc's *Motion* is denied.

## V. CONCLUSION

For the foregoing reasons, the *Motion to Strike /Exclude Exhibit Offered by Plaintiffs in their Reply in Support of Motion for Class Certification* (Doc. 135) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 4, 2023.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**