UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN HUMPHREY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES LEBLANC, <br><br> Defendant. | Civil Action No. 3:20-cv-00233 <br><br> Judge John W. deGravelles <br><br> Magistrate Judge Scott D. Johnson |
| JOEL GIROIR, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES LEBLANC, *et al.*, <br><br> Defendants. | Civil Action No. 3:21-cv-00108 <br><br> Judge John W. deGravelles <br><br> Magistrate Judge Scott D. Johnson |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

On October 29, 2024, the U.S. Court of Appeals for the Fifth Circuit issued an unpublished per curiam opinion in *Buchicchio v. LeBlanc*, 23-30116, 2024 U.S. App. LEXIS 27429 (5th Cir. Oct. 29, 2024) (*see* Exhibit A).

The central question driving both *Humphrey* and *Giroir* is whether the State's pattern and practice of overdetention violates the constitutional rights of people held without legal authority in the custody of the Louisiana Department of Public Safety and Corrections (DPSC). *See* ECF 101-1, 19-21 (*Humphrey*); ECF 25-1, 12-15 (*Giroir*). Plaintiffs have moved for class certification in both cases. *See* ECF 104 (*Humphrey*); ECF 25 (*Giroir*); *see also* ECF 21 (*Humphrey*) (lifting administrative stay).

*Buchicchio* confirms that certification is appropriate. There, the Fifth Circuit reaffirmed that "detention of a prisoner thirty days beyond the expiration of his sentence constitutes a deprivation of due process." *Buchicchio*, 2024 U.S. App. LEXIS 27429 at *8 (citing *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980)). The panel also rejected the same argument Defendants make in opposition to class certification here; that is, that violations must be "very similar" to jointly form a pattern. *Compare Buchicchio* at *8 ("LeBlanc argues that Buchicchio has not plead facts establishing a pattern of 'very similar' constitutional violations"); with *Humphrey* ECF 113 at 3 (LeBlanc argues that "Plaintiffs failed to prove that any common issues predominate over the vast individualized issues here"). The Fifth Circuit explained that: "We have rejected these arguments, holding that '[t]he standard for deliberate indifference requires only a 'pattern of similar constitutional violations by untrained employees' rather than an exact duplication.'" *Buchicchio* at *8 (citing *Porter v. Epps*, 59 F.3d 440, 445 (5th Cir. 2011)).

*Buchicchio* is relevant to the Rule 23(a)(2) (commonality), Rule 23(a)(3) (typicality), Rule 23(b)(2) (common action), and Rule 23(b)(3) (predominance) prongs of the Court's class certification analysis, as it informs whether potential class members' claims ask questions that "are amenable to a common answer." *See Jones v. Gusman*, 296 F.R.D. 416, 466 (E.D. La. 2013).

Accordingly, Plaintiffs respectfully submit the opinion in *Buchicchio* as supplemental authority in support of their Motion for Class Certification:

- **Exhibit A**: *Buchicchio v. LeBlanc*, 23-30116, 2024 U.S. App. LEXIS 27429 (5th Cir. Oct. 29, 2024)

Dated: November 7, 2024

                                              */s/ Lydia Wright*
                                              Lydia Wright, La. Bar No. 37926
                                              Samantha Bosalavage, La. Bar No. 39808

The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
lwright@defendla.org

Maria Makar, a*dmitted PHV*
Meg Gould, *admitted PHV*
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
Tel: (312) 243-5900
gould@loevy.com

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
Most & Associates
201 St. Charles Ave., Ste. 2500 #9685
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

*Attorneys for Plaintiffs*