UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN HUMPHREY, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>JAMES LEBLANC, <br><br>Defendant. | Civil Action No. 3:20-cv-00233 <br><br>Judge John W. deGravelles <br><br>Magistrate Judge Scott D. Johnson |
| JOEL GIROIR, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>JAMES LEBLANC, *et al.*, <br><br>Defendants. | Civil Action No. 3:21-cv-00108 <br><br>Judge John W. deGravelles <br><br>Magistrate Judge Scott D. Johnson |

**JOINT STATUS REPORT**

**A. JURISDICTION**

This Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a), and it has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**B. EXPLANATION OF THE CASE**

<u>By Plaintiffs</u>:

These consolidated putative class actions have been pending for more than four years. Both cases allege that Defendants' failure to implement and maintain an adequate process for timely releasing individuals in the custody of the Louisiana Department of Public Safety and Corrections ("DOC") has caused the unlawful and systemic overdetention of thousands of people. *Humphrey*, filed in April 2020, seeks damages against Defendant LeBlanc for false imprisonment, negligence, intentional infliction of emotional distress, and violations of due

process. *Giroir*, filed in February 2021, raises the same claims, but seeks injunctive and declaratory relief against LeBlanc (and now, Secretary Gary Westcott) and the DOC. *Compare Giroir*, ECF 46 at 16-20 *with Humphrey*, ECF 43 at 19-23.

In 2023, the Department of Justice (DOJ) and all three United States Attorney's Offices for the State of Louisiana issued a rebuke of the DOC and LeBlanc for the exact policies and practices at issue here. *See Giroir*, ECF 80-1; *Humphrey*, ECF 158-1. Following a multi-year investigation into the DOC's time computation and release practices, the DOJ Report concluded that:

> [DOC] incarcerates thousands of individuals each year beyond their legal release dates in violation of the Fourteenth Amendment of the United States Constitution. These violations are pursuant to a pattern or practice of infringements on the constitutional rights of incarcerated persons. . . . These violations are severe, systemic, and are both caused and perpetuated by serious ongoing deficiencies in [DOC's] policies and practices. [DOC] has persisted with these unconstitutional practices despite at least a decade of notice and clear recommendations for fixing the problem.

*Id.* at 3. Since then, a growing chorus of federal courts have denounced the DOC and Secretary LeBlanc for deliberately ignoring administrative failures they knew were leaving people in jail who had already served their sentences. *See, e.g.*, *McNeal v. LeBlanc*, 90 F.4th 425 (5th Cir. 2024), *reh'g en banc denied*, 93 F.4th 840 (5th Cir. 2024), *cert denied*, No. 24-19, 2024 U.S. LEXIS 3824 (October 2024) (determining that *Heck v. Humphrey*, 512 U.S. 477 (1994) is not a defense to an over-detention claim); *Crittindon v. LeBlanc*, 37 F.4th 177, 187-88 (5th Cir. 2022), *reh'g en banc denied*, 58 F.4th 844 (5th Cir. 2023), *cert denied*, 144 S. Ct. 90 (October 2023) ("A reasonable factfinder could conclude that [LeBlanc's] awareness of this pattern of delays and their conscious decision not to address it rises to the level of deliberate indifference").

In the instant class cases, the district court held a class certification hearing on October 19, 2023. Shortly thereafter, the court administratively stayed the cases pending resolution of several individual over-detention cases before the Fifth Circuit. The administrative stay was lifted on November 5, 2024. *See Humphrey*, ECF 231; *Giroir*, ECF No 134. Plaintiffs accordingly seek a scheduling order setting trials in both *Giroir* and *Humphrey*.

<u>By Defendants:</u>

In this putative class action, plaintiffs bring deliberate indifference claims and state law claims concerning release of inmates once sentenced to DPSC custody. The time computation and the release process are complex. Because many offenders are in the custody of local facilities at the time of sentencing, DPS&C must rely on outside parties to: (1) notify DPSC that an offender has been sentenced to hard labor; and (2) provide DPSC with the necessary paperwork required by

statute to perform time computation and the release process. DPSC works with 102 local facilities and the corresponding clerks of court to obtain the paperwork the local facilities are required to provide to DPSC by statute. Further complicating the process, the application of jail credits created anomalies where once an offender was sentenced, and his time was calculated, his "release date" would technically be prior to his sentencing, and prior to him becoming a DPSC offender.

Plaintiffs primarily rely on delays caused by third parties in providing paperwork to DPSC. Defendant notes that the implementation of the electronic document submission portal by DPSC, along with recent changes to the law that affect jail credits, which will likely eliminate "immediate releases," resolve the issues that plaintiffs complain of.

Defendants deny Plaintiffs' claims. Plaintiffs cannot show that Secretary LeBlanc is deliberately indifferent. The DPS&C has worked diligently to address the issues identified by Plaintiffs, which is the antithesis of deliberate indifference. Secretary LeBlanc is entitled to qualified immunity. In addition, Defendant maintains that this matter should not be certified as a class action, as the requirements of FRCP 23 are not satisfied.

### C. PENDING MOTIONS

Plaintiffs' motions for class certification are currently pending in both cases.[1] *See Humphrey,* ECF 104; *Giroir*, ECF 25.

In *Humphrey*, Plaintiffs seek certification under Rule 23(b)(3) of a class defined as: "all persons who have been remanded to the custody of the DOC since April 16, 2019, and who were entitled to release at the time of their remand (either pursuant to sentencing or parole revocation), but who were released by the DOC more than 48 hours past the date that they were remanded to the DOC's custody due to Defendant's failure to implement and maintain an adequate process for timely releasing inmates." *See Humphrey*, ECF 213 at 7 (amending class definition); *see also Humphrey*, ECF 104 at 16 (original class definition).

In *Giroir*, Plaintiffs seek certification under Rule 23(b)(2) of a class defined as: "all persons who have been, or will be, sentenced to the custody of the Louisiana DOC, and who were, or will be, entitled to release at the time of their sentencing, but who nevertheless remain in custody, now or in the future, due to Defendants' failure to implement and maintain an adequate process for timely releasing inmates, for more than 48 hours past their sentencing dates." *See Giroir*, ECF 116 at 7 (amending class definition); *see also Giroir*, ECF 25 at 3 (original class definition).

---

[1] The Court's order reopening these cases designates *Giroir,* ECF 28 (Defendant's Motion to Strike Certain Evidence Offered by Plaintiff in Support of Class Certification) as a pending motion. *See Humphrey,* ECF 231; *Giroir,* ECF No 134. Defendant's Motion requested that the Court exclude certain deposition excerpts, news articles, and email communications. Upon review, it appears that the Court resolved the issues in this motion. *See Giroir,* ECF 114.

By Defendants:

Both motions for class certification are opposed by Defendant.

**D. ISSUES**

By Plaintiffs:

The principal legal issues in this matter include:

- Whether the DOC detains and has detained individuals past their release dates.

- Whether the DOC is legally bound to release persons at the conclusion of their sentence.

- Whether the persons whom the DOC no longer has legal authority to imprison must remain imprisoned while they wait for the DOC to calculate their sentence and prepare release papers.

- Whether the persons whom the DOC no longer has legal authority to imprison must remain imprisoned while they wait for the DOC to receive the proper paperwork to calculate their sentence and prepare release papers.

- Whether it is unlawful for the DOC to incarcerate persons past the time that it had legal authority to imprison them.

- Whether Defendants knew that individuals in the DOC's custody were not being timely released.

- Whether Defendants failure to adopt, implement, and maintain adequate processes for timely releasing individuals from the DOC's custody results in systemic overdetentions.

- Whether Defendants have acted with deliberate indifference to the known certainty that not adopting measures to ensure timely release will result in constitutional violations.

- Whether Defendant Secretary LeBlanc and now, Secretary Wescott is liable for failing to correct the DOC's alleged over-incarceration, given his knowledge of the DOC's widespread practice of over-incarceration.

By Defendants:

- Whether Defendant's actions in processing the release of persons from incarceration is reasonable, lawful or appropriate.
- Whether the requirements for class certification are satisfied in this case, and/or whether this matter should proceed as a class action.
- Whether any third parties are at fault in this matter, if any fault is found.
- Whether Defendant is entitled to qualified immunity.

### E. DAMAGES

The *Humphrey* class seeks monetary damages caused by the DOC's systemic practice of over-detention. Plaintiffs have not yet computed these damages. The *Giroir* class seeks only injunctive and declaratory relief.

### F. SERVICE

There are no unresolved issues as to service.

### G. DISCOVERY

1. Initial Disclosures:
    a. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [X] YES [ ] NO

    In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

    b. Do any parties object to initial disclosures?

    [] YES [X] NO

    For any party who answered *yes*, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

    By Plaintiffs:

    Discovery is ongoing. The parties have exchanged several sets of written discovery, including interrogatories, requests for production of documents, and requests for admission.

Defendants have an ongoing duty to supplement these discovery requests as new information becomes available. Plaintiffs conducted a videotaped inspection of the DOC's Pre-Class facilities and Prison Enterprises, Inc., on September 7-8th, 2023. *See Humphrey*, ECF 199. Plaintiffs intend to serve additional written discovery requests and will seek additional depositions, including Secretary Westcott.

By Defendants:

To date, Plaintiffs have issued more than 13 sets of discovery (including over 100 requests for production and 127 request for admissions). The parties engaged in an extensive ESI search, which included over 20 search terms with five separate custodians over a 10 year period, which resulted in hundreds of thousands of pages of document production. Defendants participated in inspections of 4 facilities sat for 11 depositions of DPS&C employees. Plaintiffs have recently issued a third Rule 30(b)(6) deposition notice of DPS&C, and with an additional set of discovery.

The parties are working through plaintiffs' request for additional ESI searches, which again would include collection of more than 10 custodians, with more than 20 search terms for each.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

By Defendants:

There is a protective order in place. R. Doc. 33.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By Plaintiffs:

**Dr. Dora Schriro** - Dr. Schriro has served as the director of the Missouri Department of Corrections, the Arizona Department of Corrections, and the New York City Department of Corrections, and as well the warden of a city jail in St. Louis, Missouri. In her expert report, Dr. Schriro offers a peer-level assessment of LeBlanc's response to the DOC's overdetention problem, particularly in his policy choices, operational responses, and statements about the problem and his response to it over the years. In light of her assessment, Dr. Schriro offers the opinion that LeBlanc has exhibited a lack of effort in

fixing the DOC's widespread overdetention problem that is both out of step with normal correctional administration and that reflects an indifference to the problem as a whole. *See Humphrey*, ECF 104-8.

**Rita Rossi** - Ms. Rossi is a former official in the Illinois Department of Corrections (IDOC) with policymaking responsibility for the IDOC's sentencing calculation function. Her report observes that the Illinois Department of Corrections' sentencing calculation function was designed and operated "to accomplish what is understood to be legally required: detention of persons for the exact period of time as the sentence issued by the sentencing court—no shorter, and no longer. It is understood that this is the mission of any department of corrections operating under the U.S. Constitution, whatever state it may be in." *See Humphrey*, ECF 104-14.

Plaintiffs are determining additional subjects on which any expert testimony will be required, including the calculation of damages.

<u>By Defendants</u>:

Defendants did not retain experts for the class certification phase. Defendants are determining whether expert(s) will be retained for merits.

### H. PROPOSED SCHEDULING ORDER

Plaintiffs seek trial dates as soon as possible for both *Humphrey* and *Giroir*. Once those trial dates are set, the Parties can propose a scheduling order setting pretrial deadlines.

### I. TRIAL

1. Has a demand for trial by jury been made?
    [X] YES [ ] NO

2. Estimate the number of days that trial will require.

Plaintiffs estimate that *Humphrey*, a jury trial, will take five days. *Giroir*, a bench trial, will take three days.

### J. OTHER MATTERS

    Are there any specific problems the parties wish to address at the scheduling conference?

[X] YES [ ] NO

    i.    If the answer is *yes*, please explain:

Plaintiffs wish to discuss the timeline for bifurcating *Humphrey* and *Giroir*, as well as Defendants' ongoing discovery obligations and issues arising from personnel changes at the DOC.

    ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

    **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES [X] NO

**K. SETTLEMENT**

    1. Please set forth what efforts, if any, the parties have made to settle this case to date.

The parties have engaged in several settlement conferences. (August 17, 2022) *See Giroir*, ECF 55; (October 6, 2022) *See Giroir,* ECF 69; (November 7, 2022) *See Giroir,* ECF 71. At each of these settlement conferences, the parties were unable to reach a resolution. On November 18, 2024, the parties met to discuss the re-opening of the case, outstanding discovery requests, and a timeline for settlement discussions. The parties remain amenable to discussing settlement, particularly of the *Girioir* class claims.

    2. Do the parties wish to have a settlement conference:
[X ] YES [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

After a ruling on the pending motions for class certification.

Plaintiffs propose a mediated settlement conference at this Court's earliest availability.

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:
[ ] YES [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.**

Dated: December 19, 2024

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Samantha Bosalavage, La. Bar No. 39808
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
lwright@defendla.org

Maria Makar, a*dmitted PHV*
Meg Gould, *admitted PHV*
Loevy & Loevy
311 N. Aberdeen St.
Chicago, IL 60607
Tel: (312) 243-5900
gould@loevy.com

William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com

*Attorneys for Plaintiffs*

By: /s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

*Attorneys for Defendants*