# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HUMPHREY *et al.*, | |
| Plaintiffs, | Civil Action No. 3:20-cv-0233 |
| v. | |
| LEBLANC, | Judge John W. DeGravelles |
| | Magistrate Judge Scott D. Johnson |
| Defendant. | |
| GIROIR | |
| Plaintiff, | Civil Action No. 3:21-cv-108 |
| v. | |
| LEBLANC, | Judge John W. DeGravelles |
| | Magistrate Judge Scott D. Johnson |
| Defendant. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

On December 20, 2024, the United States, acting through the United States Department of Justice ("DOJ"), filed a civil lawsuit against the State of Louisiana and the Louisiana Department of Public Safety and Corrections ("LDOC"). *United States v. State of Louisiana*, et al., 3:24-cv-01041-BAJ-RLB, Dkt. 1 (M.D. La. Dec. 20, 2024) (hereinafter "DOJ Complaint") (*see* Exhibit A). As in *Humphrey/Giroir,* the DOJ Complaint contends that "Louisiana routinely detains people weeks and months past their release dates," and that "[t]his deprivation of liberty and the State's deliberate indifference to systemic overdetention violates the Fourteenth Amendment to the Constitution of the United States." *Id.* at 2.

This lawsuit follows the 2023 publication of the DOJ's Findings Report ("DOJ Report"), attached as an exhibit to the DOJ Complaint, which detailed the policies employed by the DPSC

causing overdetention of thousands of individuals each year beyond their legal release dates in violation of their constitutional rights. *United States v. State of Louisiana*, Dkt. 1-2 at 4 (DOJ Report); *see also Giroir* ECF No. 80 (filed as supplemental authority); *Humphrey* ECF No. 158 (same). Publication of the DOJ Report was a watershed moment in this litigation, underscoring evidence already in this record that James LeBlanc has been deliberately indifferent to LDOC's long and widespread practice of overdetaining people who are entitled to immediate release. *See Giroir,* ECF No. 80-1.

The DOJ Complaint contains findings from data obtained from the LDOC subsequent to the 2023 Report and equally relevant to Plaintiffs' claims. *See* ECF No. 104 (*Humphrey*); ECF No. 25 (*Giroir*). Notably, it includes findings regarding the use of an electronic submission portal in 2024.[1] Defendants argued at the October 19, 2023 Class Certification Hearing that this portal and its accompanying procedures, introduced in response to the DOJ Report, were "solutions" to its overdetention practices. ECF No. 214, Def's Post-Hearing Br. On Class Cert., at 9. Yet Defendants did not know whether the tool had "solved" overdetention in parishes where it had been implemented. *See* Oct. 19, 2023 Hearing Tr. 187:21-24.

This Complaint provides the data showing that the portal has *not* "solved" these problems—and overdetention continues. Specifically, the Complaint reads:

> Recent data from LDOC demonstrates that, even for the handful of parishes then participating in the CIPRS online portal pilot, there remained a significant delay between sentencing and Defendants' receipt of the preclass packet. In May 2024, it took an average of 33 days, across all parishes, for LDOC to receive this paperwork. The known parish participants in the online portal pilot averaged two weeks longer-or 48 days total- between sentencing and the time Preclass received the required paperwork.

---

[1] The United States Attorney General certified the Complaint. DOJ Complaint at 24. The DOJ analyzed data provided by the LDOC, who confirmed the accuracy of the DOJ's methodology for the data analysis, as it did for the 2023 DOJ Report. *Id.* at 4. Plaintiffs thus consider these findings akin to the findings contained within the DOJ Report, which were already submitted as supplemental authority.

. . .

>The most recent available data provided by LDOC show that at least 141 individuals were overdetained in May 2024 alone, 120 of whom were overdetained for more than a month. Almost 80%, or 112 of the 141 overdetained individuals, were eligible for immediate release at the time of sentencing.

DOJ Complaint at 18, 19.

As the question of whether the electronic submission portal had "solved" the LDOC's overdetention problem is a common question central to the Court's class certification analysis, Plaintiffs respectfully submit these findings as supplemental authority in support of their Motion for Class Certification.

Dated: January 8, 2025                                        Respectfully submitted,

 /s/ Lydia Wright                                                 /s/ Meg Gould

Lydia Wright, La. Bar No. 37926                Maria Makar, *admitted PHV*
Samantha Bosalavage, La. Bar No. 39808   Meg Gould, *admitted PHV*
The Promise of Justice Initiative                   Loevy & Loevy
1024 Elysian Fields Avenue                         311 N. Aberdeen, 3rd Floor
New Orleans, LA 70117                              Chicago, IL 60607
Tel: (504) 529-5955                                     Tel: (312) 243-5900
Fax: (504) 595-8006                                    Fax: (312) 243-5902
lwright@defendla.org                                  gould@loevy.com

*/s/ William Most*
William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
williammost@gmail.com